## THE STATE *v.* LESEL VICE.

1. PUBLIC ROADS. *Contracts for working. Validity of. Code* 1892, § 3929.

   Under § 3929, code 1892, authorizing the board of supervisors to work the public roads by contract, letting "each road or division under a separate contract," the word "division" means a part of a road, and not of the county containing one or more roads. A lump contract to work all the roads in a district of a county is void, and a road hand is not punishable for refusing to work under it.

2. SAME. *Contract in violation of law void. Code* 1892, §§ 344, 3929.

   Where a county elects to work its public roads by contract, the requirement of said § 3929, code 1892, for letting "each road or division under a separate contract," is mandatory, and not merely directory, § 344 declaring void all contracts made by boards of supervisors in violation of law

FROM the circuit court of Jackson county.

HON. S. H. TERRAL, Judge.

In 1892 the board of supervisors of Jackson county, acting under § 3929, code 1892, determined to work the public roads of district three of said county by contract. Accordingly, publication was made, and the contract was awarded to M. A. Dees, he being the lowest bidder, at $4.75 per capita for all persons liable to road duty in said district. He gave bond, and proceeded to work the roads. The appellee, Lesel Vice, was liable to road duty in said district, and, at the instance of the contractor, was duly summoned to work one of the roads therein. He refused to work or to pay the $4.75 commutation money. Thereupon, he was prosecuted before a justice for such default, and was convicted and sentenced to pay a fine and costs. On appeal to the circuit court, he was acquitted. The state appeals under § 39, code 1892.

*Frank Johnston*, attorney-general, for the state.

1. That clause of § 3929, code 1892, authorizing the board of supervisors to work the public roads, or a part of them, by contract, is, in its language, directory. That clause providing that a contract shall not be made for a shorter term than two years is mandatory. A special statutory power conferred on a board of supervisors must be strictly and substantially followed. But the jurisdiction of the board of supervisors over roads is given by the constitution of 1890, § 170, " to be exercised in accordance with such regulations as the legislature may prescribe." Under the constitution of 1869, the jurisdiction of the board could be regulated by law. 54 Miss., 668; 59 *Ib.*, 531; 60 *Ib.*, 659. In regulating the jurisdiction in respect to the subject in view, is not the provision of § 3929 of the code a directory regulation of the mode of making these contracts?

If the strict rule insisted upon is adopted, then any variations from the directions of the statute in this and similar matters would render the action void.

71 Miss.—58

2. What does "each road or division" mean? Section 3929, in its general purview, provides for all the roads in the county. It must have been left to the board to determine what should be a division, and this discretion is not regulated. Here the board embraced in one contract the roads of district 3 as a division.

3. The road contractor stands as a *quasi* official. If the validity of his contract is subject to collateral attack, a public duty can be avoided because of a mere irregularity.

*Nugent & McWillie*, on the same side.

1. Subdivisions of roads are termed links. Code 1892, § 3914. If in § 3929 the legislature meant mere links, the failure to use that term is singular.

Do not the words "or division" mean such portions of all the roads of the county as might have been treated as road districts under § 834, code 1880? The board can make two or more divisions out of all the roads in the county.

In § 3930 there is a provision for working a road—an entire road—but nothing said about subdividing it. It cannot be that the statute anywhere uses indifferently the word road or a link of it. In that case, the words "or division," employed after road, would have no meaning.

It would be very absurd and inconvenient to require each little link on a road to be the subject of a separate contract, and such a design cannot be imputed to the legislature.

2. The words "each road or division under a separate contract," are affirmative, and not negative or prohibitive, and may be construed to be directory. Sutherland on Stat. Con., §§ 447, 451, and authorities cited; 23 Am. & Eng. Enc. L., p. 458, and cases cited.

*Supervisors* v. *Arrighi*, 54 Miss., 668; *Paxton* v. *Baum*, 59 *Ib.*, 531, are not applicable, because in each case there was a prohibitory, positive statute rendering what was done void.

The word "may," which is employed in the sentence under consideration, is often treated as directory. 14 Am. & Eng. Enc. L., p. 981.

3. In any event, it was improper to allow the contract attacked collaterally. Dees was a *de facto* officer, and certainly had the power of a road overseer, whether lawfully qualified or not. *Ray* v. *Murdock*, 36 Miss., 692; *Shelby* v. *Alcorn*, *Ib.*, 273; 44 *Ib.*, 392; Code 1892, § 3065.

4. The board, under § 3932 of the code, had the power to have any part of the roads in the county worked by the county convicts, and could make all contracts necessary to accomplish that purpose. Having this power, it was the judge of what contract was necessary.

*Evans & Evans*, on the same side.

The board had the power to make all necessary contracts for working the roads with convicts. Code 1892, § 3932.

After the contract was made, Dees was a *de facto* officer. 36 Miss., 273; 19 Am. & Eng. Enc. L., p. 381, notes.

Even if he was irregularly appointed, his authority could not be inquired into in this proceeding. 1 Bish. Cr. L., p. 281, *et seq.;* Code 1892, § 3065; 24 Miss., 421; 10 Am. St. R., 357, 421; 64 N. H., 13; 21 Am. St. R., 255, 557; 3 *Ib.*, 176; 15 Or., 476; 82 Mich., 255; 36 Miss., 692; 1 Am. & Eng. Enc. L., 618.

The board had authority to work part of the roads, and to make the contract in question. Code 1892, § 3929. It was to judge of the time and manner of doing the work, this not being specially provided for by the statute. Elliott on Roads & Streets, p. 342.

If the contract is only irregular, it should be attacked directly in a court of competent jurisdiction. 49 Miss., 582; 7 Am. St. R., 515.

A statute declaring void all acts done in violation of its terms is mandatory. One which points out a certain thing to be done in a certain manner so plainly that it is obvious the legislature intended it done in that way, and no other, is mandatory; otherwise where it relates to form and manner as a mere incident. 14 Am. & Eng. Enc. L., 249, and notes. See also 2 New Eng. Rep., 328.

Section 3914 of the code provides for dividing public roads into links. Section 3929 authorizes letting each road or division under a separate contract. Then, as many links as constitute one road or division of roads may be let under one contract.

*Ford & Ford* and *C. H. Wood,* for appellee,

Filed separate briefs citing substantially the same authorities, and making the following points:

Section 3929 of the code required the board to let "*each road or division under a separate contract.*" This language is plain. Every word is to be given effect if possible. 23 Am. & Eng. Enc. L., pages 364, 365; *Ib.,* 375.

Statutes regulating powers and duties of boards of supervisors are mandatory. *Koch* v. *Bridges,* 45 Miss., 247; *Supervisors* v. *Arrighi,* 54 *Ib.,* 668; *Paxton* v. *Baum,* 59 *Ib.,* 531; *Seal* v. *Donnelly,* 60 *Ib.,* 658.

Courts cannot adopt such a construction as will do violence to the rules of language or the rules of law. 2 Parsons on Con., p. 494.

Our statute expressly provides that " all contracts made in violation of any of the provisions of law shall be void." Code 1892, § 344.

The lump contract made with Dees was absolutely void, and the appellee had the right to disregard it.

WOODS, J., delivered the opinion of the court.

Section 3929, code 1892, is in these words: " The board of supervisors may determine to work the public roads, or some part thereof, by contract, and may thereafter so work the same, letting the contracts in such cases as other contracts are let by the board of supervisors, each road or division under a separate contract. But a contract to work and keep in repair a public road shall not be made for a shorter time than two years," etc. The statute confers authority to work by contract all the public roads, or some part of all the pub-

lic roads less than the whole number, and requires each road
or division to be let under a separate contract. The contro-
versy in the present cases arises over the meaning of the
word " division," as used in the section quoted. The natural
and obvious construction of the language is this: the super-
visors may elect to work by contract all the public roads in
the county; or, the supervisors may, in their discretion, work
some of the public roads, a part of the public roads less than
the whole number; but each road or division of a road shall
be let under a separate contract. The language is not that
the supervisors shall let the public roads, all of them, or a
division, a part of the public roads less than the whole num-
ber, but that each road—employing the singular number—or
division, is to be let under a separate contract. Division of
what? Not a civil division of the territory of the county,
clearly. To so hold would be to violently interpolate words
embodying an idea nowhere hinted at in the statute. We
repeat, then, division of what? Not of all the public roads
in the county, for, when provision was made for working all
the roads, or some part less than the whole number of roads,
appropriate words are employed to convey that thought. We
must not violate the plainest canon of syntactical arrange-
ment and legal construction, and import terms not found in
the statute, in order to uphold the contract made by the
board under an honest and commendable, though mistaken,
effort to promote the public welfare by improving the main
highways of the country. We must give to the words their
plain and natural construction, unless this appears to be im-
practicable, and this plain and natural construction will re-
quire us to hold that it is an entire road or a division, a part
of the entire road less than the whole, which must be let
under a separate contract. We see from this record that
there are many independent roads in beat three of Jackson
county, and we see that there are divisions of these roads
into parts. For example, we find a road called the " River
road," and this is divided into parts, styled No. 36 from a

certain point to another point, and No. 37 from one designated spot to another. The entire, independent road, or any division of the road less than the whole, one link or more, must be let under a separate contract. The entire, independent road may, in the discretion of the board of supervisors, be worked by contract, or it may appear that the public interests will be best promoted by working by contract a part, a division, of the entire road, and this division may embrace one or more links of the road, as they are denominated by § 3914, but, in either case, whether the entire road or a part or division of an entire road, there must be a letting under a separate contract.

It is insisted by counsel for the state, however, that if this construction which we have placed upon the language of the statute is the correct one, still the judgment of the court below is erroneous, for the reason, as is said, that the provision requiring separate lettings of each road or division of a road is directory merely. The all-sufficient answer to this proposition will be found in § 344, code 1892. By this section all contracts made by the board of supervisors " in violation of any of the provisions of law shall be void." It is not for us to limit or modify, by judicial interpretation, this unambiguous, all-embracing and wholesome restraint upon the action of the boards of supervisors.

*Affirmed.*