LEFLORE COUNTY *v.* EZEKIEL D. CANNON ET AL.

1. WATERCOURSES. *Obstructions. Counties. Injunction.*

A county, not proceeding in the lawful exercise of the right of eminent domain, may be enjoined from obstructing a stream by complainants who will suffer irreparable special damage should the obstruction be permitted.

2. PUBLIC WORKS. *Board of supervisors. Expenditure. Statutory requirements.*

A county, in making expenditures on, and awarding contracts for, public works, must observe statutory requirements.

FROM the chancery court of Leflore county.

HON. A. MC. KIMBROUGH, Chancellor.

Cannon and others, appellees, were complainants, and Leflore county, appellant, was defendant in the court below. From a decree overruling a demurrer to the bill of complaint the defendant appealed to the supreme court. The bill averred that one Jones and others had filed a petition with the board of supervisors of the county asking that a bridge across Burr bayou, on a public road, be replaced with a dam across that stream, because it was unsafe and impracticable to maintain a bridge there, and asking the board to advertise for bids to erect the dam; that, at a regular meeting, the board had made and entered on its minutes an order reciting that it was to the best interest of the county to grant the prayer of said petition, and granting same, and directing the clerk of the board to advertise for bids for the construction of the dam in accordance

with specifications prescribed by the board; that, in pursuance of said order, the clerk had advertised for bids. The bill of complaint further charges that the bridge is not unsafe, but in good condition; that the tearing down of the bridge and building a dam would ɒe a profligate waste of the money of the county; that the proposed work is not urgent, nor a case of necessity; that the said order neither directs advertisements for sealed bids upon the contract to do the work nor that said contract shall be let at public outcry at the courthouse door, nor does said advertisement state the thing to be done or invite sealed proposals to be filed with the clerk of the board or elsewhere, or state that the contract will be let at public outcry at the courthouse door; that no plans or specifications were filed with the clerk before the advertisement of the letting of the contract was published; that Burr bayou is a natural watercourse, making off from and flowing out from the Tallahatchie river, in which the water flowed in a well-defined natural watercourse, and had done so from time immemorial, and that the continued existence of said watercourse was necessary to carry off the water cast into it; that, if the dam be erected, irreparable special injury and damage would be inflicted upon complainants by the obstruction of the water in the bayou, causing it to overflow the lands of complainants. The prayer was for an injunction restraining the said board from erecting the said levee. A temporary injunction was granted. The county demurred to the bill of complaint, which demurrer the court below overruled and defendant, the county, appealed to the supreme court.

*S. R. Coleman*, for appellant.

The board of supervisors were enjoined by certain citizens of the county from exercising their discretion in the matter of a public road, or rather in the erection of a dam in lieu of a bridge over a stream in said county. Over this, having full constitutional jurisdiction, the courts should not interfere. 2 High on Injunctions, sec. 1240; 67 Miss., 470.

Being a matter of county police, under § 289 of the code, the board being the legislative body dealing with that matter, the courts cannot interfere. Tiedman's Lim. of Police Power, pp. 622, 623.

The petition presented to the board for the building of the dam across the mouth of Burr bayou not only shows the demand for the dam, rather than the bridge, to be for the public good, but also shows benefit otherwise accruing to the citizens of the county, and the doctrine of " *salus populi suprema lex* " appealed to the county legislature, and they were justified in assuming *privatum incommodum publicii bono pensatur* should apply to these complainants.

Supposing that the leveeing of this bayou would do to complainants all that they allege, will the supreme court sustain the injunction? We present to you a condition analogous to the one outlined in *Railroad Co.* v. *Smith*, 72 Miss., 677. Shall large portions of the most valuable, because the most productive, lands in the Yazoo delta be condemned to remain undeveloped, for want of a short levee, because riparian owners of the higher lands along the banks of the natural waterways may have the water raised upon their lands a few inches higher and for only a short period of time? Indiana, Iowa, Missouri and California have declared that a person has the right to levee against flood waters, even though by so doing he deepens it upon his neighbor. 28 Am. & Eng. Ency. Law (1st ed.), 965, 966.

*Gwin & Munger*, for appellees.

Before the board of supervisors of Leflore county has any right or authority to let a contract for the construction of a levee of these proportions, or in fact to let a contract for any work on the public highways, the jurisdictional facts provided and prescribed by the code of 1892, § 2937 must affirmatively appear. *Root* v. *McFerrin*, 37 Miss., 17; *McCreary* v. *Rhodes*, 63 Miss., 308; *Ballard* v. *Davis*, 31 Miss., 527.

The code prescribes other requirements to which a board of supervisors must comply before a contract can be made.

All that can be said in appellant's favor, is that the public would be benefited, and that there is a necessity for the construction of the dam. Nothing contradicts the allegations of damage to the appellees, the failure to make compensation for that damage, the illegal and invalid procedure of the board of supervisors, nor any of the other allegations of the bill of complaint.

The bill of complaint alleges that Burr bayou, which defendants are seeking and attempting to dam, is a natural watercourse, and the demurrer admits this fact.

This court enjoined the maintenance of locks and dams in a bayou which was "a natural outlet or drain by which the overflow waters of the Mississippi river returns to that river at a point below certain plantations. *Learned* v. *Hunt*, 63 Miss., 373.

The appellees have the right to expect and demand that the flood waters of the Tallahatchie river shall flow as such waters of the said river have always flowed, and as such waters naturally and ordinarily flow. The flood waters of the river are as much a part of the river as the water in the river at low water. *Crawford* v. *Rambo*, 44 Ohio St., 279, cited and approved in 25 L. R. A., 533; *Miss. & T. Ry. Co.* v. *Archibald*, 67 Miss., 38.

"Water runs and ought to run as it was wont to run." *Lyles* v. *Cawthorn*, 78 Miss., 564. In *Railroad Co.* v. *Smith*, 72 Miss., 677, relied on by appellants, the roadbed of the railway company was not built across the stream so as to turn back the water upon the adjacent or upper land owners, nor did it turn the water in a new direction and cause it to overflow lands not before overflowed. The roadbed was built far back from the bed of the stream, parallel to it, and only turned back into the stream and allowed free passage down the stream to the overflow waters which were on the lands already.

---

---

No offer of compensation for this damage has ever been made to the appellees. The flooding of complainants' lands is a taking of complainants' private property without first making due compensation therefor, and is prohibited by sec. 17 of the constitution of Mississippi of 1890. *Carlson* v. *St. Louis River Dam & Imp. Co.*, 41 L. R. A., 371; *Pumpley* v. *Canal Co.*, 80 U. S. (13 Wall), 166.

That the flooding of these lands is a damaging of the lands of appellees, and prohibited under this sec. 17 of the constitution has been repeatedly decided. *Richardson* v. *Levee Commissioners*, ·77 Miss., 518; *Hughes* v. *Board of Miss. Levee Com.*, 27 So. Rep., 714.

CALHOON, J., delivered the opinion of the court.

"*Aqua currit et debet currere ut currere solebat*," is a maxim as old as the common law on waters. This record shows that the board was about to dam up a stream known as "Burr bayou," where the water, left alone, would run as it ought to run, and was used to run from time immemorial. By this dam irreparable injury would have been inflicted, as the bill charges and the demurrer admits, on the complainants. Under our constitution and laws neither municipalities, nor counties, nor the sovereign state itself can damage the humblest individual, in violation of the maxim except in the lawful exercise of the right of eminent domain, and then not without previous compensation ascertained by lawful methods. This is true regardless of the benefit to the public at large. We need not repeat what has been so often said by this court—that in awarding contracts and making expenditures in such works, where there is a right to make them, the requirements of the statutes must be strictly observed.

*Affirmed, with costs, and remanded, with thirty days to answer after mandate filed below.*