## STATE v. J. N. WALL.

### [54 South. 5.]

1. CRIMINAL LAW.  *Code* 1906, *Sections* 40, 361, 362, 369, 1607, 4465. *Right of prosecution to review. Highways. Supreme Court.*

2. CODE OF 1906, SECTION 40, PROVIDES:

   "The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases:

   (1) From a judgment sustaining a demurrer to, or a motion to quash, an indictment, or an affidavit charging crime; but such appeals shall not bar or preclude another prosecution of the defendant for the same offense.

   (2) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the supreme court shall nevertheless decide the question of law presented.

   (3) From a ruling adverse to the state or municipality in every case in which the defendant is convicted and prosecutes an appeal; and in such case the whole record shall be carried before the supreme court on the direct appeal, and the case shall be treated as if a cross appeal had been formally prosecuted by the state. All questions of law thus presented shall be decided by the supreme court."

   *Held* that under paragraph 1 of this statute the supreme court is authorized to review the judgment of a circuit court sustaining a demurrer to an indictment, but not one overruling one thereto, and neither paragraph 2 nor 3 authorizes a review of an overruled demurrer, because by the provision of the former the judgment appealed from must be one of acquittal, deciding a question of law adversely to the state, and by the latter a judgment of conviction appealed from by the defendant, where there has been a ruling adverse to the state.

3. RIGHT OF PROSECUTION TO REVIEW, CODE 1906, SECTION 40.

   Where the court gives an instruction to acquit the accused, the state can appeal, there being a judgment actually acquitting accused and a question of law decided adversely to the state.

4. ROAD CONTRACTS. *Publication. Notice to bidders.*

Section 4465, Code 1906, provides that contracts for working the public roads shall be let as other public contracts as provided in sections 361 and 362 of this Code except that the board shall have the right to reject any and all bids; and section 361, that where the amount of the contract for public work exceeds fifty dollars, it shall be let upon at least three weeks' public notice by advertising in a public newspaper of the county, and section 362 prescribes what the notice so published shall contain; and section 1607, that when publication shall be required to be made in some newspaper for three weeks, it shall be sufficient to publish once each week for three weeks even though there be not three weeks between the first and last publication, but there must be three weeks between the first publication and the day of appearance of the party or other things for which publication shall be made; and section 369, that all contracts made in violation of any of the provisions of law shall be void. Under the provisions of these statutes where a notice was duly published for the January meeting of the board, at which bids were invited for work on roads, and bidders then appeared and filed their bids, all of which were rejected by the board, and the matter was continued to the February meeting to call for other bids and the clerk was ordered to publish the necessary notice; the publication of a new notice for the February meeting was required.

5. LETTING OF PUBLIC CONTRACTS FOR ROADS. *Notice. Publication.*

Where the time fixed for receiving bids and letting contracts is the first Tuesday in February, a publication beginning on the 18th day of January, less than three weeks from said date fixed, is not in compliance with the law, and an order of the board letting a contract at such meeting was void.

APPEAL from circuit court of Carroll county.

HON. G. A. McLAIN, Judge.

J. N. Wall was indicted for neglect of duty as a road contractor. From a judgment of acquittal the state appeals.

The facts are fully stated in the opinion of the court.

*Hughston & McEachern,* for appellant.

We submit that the record in this case will show that the board of supervisors, in letting the contract to the

defendant for working the public roads of supervisor's district No. 4, complied absolutely with every essential of the road law as construed by the court in the cases of *State* v. *Edwards,* 81 Miss. 399; *Elmore* v. *State,* 81 Miss. 422, and *State* v. *Burkitt,* 83 Miss. 301, up to and including its January meeting, 1908; and that there cannot possibly be any merit in any of the objections of the defendant to any proceedings of the board prior to that date.

We submit that there can be no question that the board of supervisors at its January meeting, 1908, had full jurisdiction and power to award a contract for working the public road of said district. We find that, at said meeting, the board rejected all bids for working districts 1 and 4, because the bids were in excess of the money available for said districts.

We find further that there were no bidders for working the roads for districts Nos. 3 and 5 and the board continued the awarding of the contract for working districts Nos. 1, 3, 4 and 5 until the first Tuesday in February, 1908.

We submit that the board of supervisors is a judicial as well as legislative body and its proceedings should not be tested by standards too rigid. *Sullivan* v. *Lafayette County,* 61 Miss. 271; and that the power to continue a cause is inherent in all courts. Encyclopedia of Pleading and Practice, vol. 4, 825; consequently the board of supervisors had the right to continue the awarding of these contracts until its next meeting and that it did not thereby lose any of the power and authority that it then had. A continuance is the adjournment of the cause from one day to another of the same or a subsequent term. Cyc., vol. 9, page 79.

If the board of supervisors had the authority and power at its January meeting, 1908, to let this contract and it was not divested of said power and authority by continuing the awarding until the next term; then, we

submit that the notice required to be given in the newspaper as a part of that authority related back to the December meeting. For the same reason that it would not be necessary to again classify, link, adopt and file plans and specifications, it would not be necessary to again publish notice to bidders in order to meet with the requirements of law, and that part of said order of the board directing the clerk to give publication of notice to prospective bidders to file their sealed bids with the clerk on or before 12 o'clock on the first Tuesday of February was surplusage so far as it affected the jurisdiction of the board to deal with the awarding of the contracts.

We would call the attention of the court to the fact that the defendant filed his sealed bid for working the public roads of said district No. 4 of Carroll county; that the same was accepted by the board as the lowest and best bid; that the board and the defendant entered into contract for working said roads; and that there is no charge whatever of any fraud or prejudice on account of said continuance of awarding said contract, or the manner of letting said contract. In the case of *Marion County* v. *Foxworth,* 83 Miss. 677, the court held that a contract for extra work in completing the original contract be let without advertising for bidders to do said work, although the price thereof exceeded fifty dollars, if the original contract had been made after due advertisement; and we submit the reason for said holding was that the board having once had full jurisdiction and authority to award the contract, the same was not lost but retained by the board, and for the same reason the board of supervisors having attained full power and authority to let this contract, it was not lost by a continuance of the awarding of the contract.

We submit that defendant cannot be heard to complain because further publication was not made and because more bidders were not there to compete with

him. Had suit been instituted by a taxpayer or other interested party such a complaint could possibly have been made, but a contractor cannot be heard to deny the contract and still hold the benefits. He cannot receive the benefits and repudiate the penalties at the same time.

We submit that the court should have sustained the motion of the defendant to exclude the contract entered into by and between the board of supervisors and the defendant, but should have permitted said contract to have gone with the other testimony to the jury.

*James R. McDowell,* assistant attorney-general, for appellant.

Your honors will observe that there is no charge of fraud or lack of competitive bidding by sealed bids, as provided by law and the order of the board, but that the sole reliance of the appellee is that the contract is not binding on him because of the one and only reason that it was not advertised for three weeks prior to the February meeting. Appellant's contention is that the fact that it was legally advertised for the January meeting empowers the board to receive bids at the February meeting without advertisement, and that any advertisement whatever would be surplusage, and would not add to or take from the boards the rights in the premises. The defendant is a party to this contract accepting benefits therefrom and now seeking to avoid responsibility thereunder.

*Gardner & Whittington,* for appellee.

It is assigned for error by the state and appellant that the court below erred in excluding the contract between Carroll county and the appellee, and in granting the peremptory instruction for the defendant and appellee; and that the court erred in ruling that said contract was void.

The record shows that the board of supervisors, at the December meeting, 1907, reclassified the public roads and determined to work the same for a period of four years, beginning the first Monday in March, 1908, and that at the December meeting, 1907, the board directed the clerk to give notice, as required by law, that the said board would, at its January meeting, 1908, receive bids for working the said public roads. The board advertised for the working of the roads in the whole county by supervisor's districts, and at said January meeting, 1908, under the notice given, a contract was made with some other party than the appellee, for working the roads in district 2, when the board rejected all bids for the working of the roads in district 4 and in the remaining districts of said county. It is to be kept in mind that the defendant is indicted for failure to work the roads in district 4 of said county. The order of the board of supervisors at the January meeting, 1908, rejecting the bids for working the roads in district 4, as shown by the record, is as follows:

"And it appearing that the bids for districts one and four were in excess of the money available for said districts, and that the said board has reserved the right to reject any and all bids made in the letting of said contracts, the board hereby rejects all the bids on said districts; and it further appearing that there were no bids for the working of the roads in districts three and five, it is therefore ordered that the awarding of the contracts for said districts, one, three, four, and five, be continued until the first Tuesday in February, 1908, and that the clerk of the board be directed to give publication of notice to prospective bidders to file their sealed bids with the clerk on or before twelve o'clock of said first Tuesday of February, at which time said sealed bids will be opened by the board, and the contract awarded by said board, if any of said bids are satisfactory, and if not, the letting of said contracts will be

offered at public outcry to the lowest bidder, at the court-house in the town of Vaiden, Mississippi. The board of supervisors reserves the right to reject any and all bids.'' In pursuance of this order, made at the January meeting, 1908, the clerk gave notice to the bidders, which appeared in three issues of "*The Conservative*," a weekly newspaper at Carrollton, Mississippi, and it is admitted that said notice appeared for the first time in the issue of said paper dated January 18, 1908; and it is further admitted that there were not three weeks between the first appearance of said notice in said paper and the first Tuesday in February. There is no escaping this conclusion. The proof of publication shows it, and the counsel for the appellant frankly admit that there were not three weeks between the first publication and the day for the letting of the contract, as required by section 1607 of the Code of 1906. The case of *Sullivan* v. *Lafayette County*, 61 Miss. 271, is not at all in point. A board of supervisors, for many purposes, is a judicial and legislative body, and the Sullivan case held that its proceedings should not be tested by standards too rigid, but this case was in a matter in which the board of supervisors were vested with certain discretions, and we understand that their proceedings are not to be tested in matters of this sort, in relation to the orders made and motions entered, by the same standards that should characterize other courts. It is contended by the state that the order made at the January, 1908, meeting continued the matter of letting the contracts, until the February meeting, 1908, and that a readvertisement was not necessary, in order to make the contract awarded at said February meeting, valid. Counsel, in their brief, say: "The power to continue a cause is inherent in all courts. Ency. of Pleading and Practice, vol. 4, 825." They say further: "A continuance is the adjournment of the cause from one day to another of the same or a subsequent term. Cyc., vol. 9, page 79."

These are fundamental and elementary propositions of
law, known to every beginner in the law, and have abso-
lutely no application whatever to the proposition under
discussion.

The board, at the January meeting rejected all bids,
and ordered the clerk to readvertise. This, of necessity,
continued the matter of letting the contracts until the
February meeting, and it was not necessary to say in the
order that the matter of letting the contracts would be
continued; the mere fact that the board rejected all bids
that had been filed in response to the notice published
in December, 1907, settled absolutely the matter of let-
ting the contracts under the notice published in Decem-
ber, 1907. Letting contracts under this notice was
closed, and after the board rejected all bids submitted
under this notice, at the January meeting, no valid con-
tract for the working of the public roads, as decided in
the Elmore and other cases hereinabove cited could be
made at the February meeting, 1908, unless the board
complied with the law in advertising for three weeks, as
provided by sections 361 and 362 of the Code of 1906.
It is admitted, as we have already stated, that the three
weeks' publication was not made. Section 4465 of the
Code of 1906, in relation to the working of roads by con-
tracts, states that "said contracts shall be let as other
public contracts, as provided in section 361 and section
362 of the Code. Section 369 provides that "All con-
tracts made in violation of any of the provisions of law
shall be void." The mere reading of these sections of
the Code settles absolutely the proposition involved, and
warranted the court below in excluding from the con-
sideration of the jury the alleged contract, and in direct-
ing the verdict of not guilty. If the state's contention
be true, then under a notice requiring sealed bids to be
filed by the first Monday in January, 1907, bids could
be filed thirty days later and comply with the law. It is
new law that sealed bids may be filed in the awarding

of contracts by boards of supervisors, thirty days after
the time fixed for the filing of his bids in the only notice
made or published. Wall, the appellee, did not file his
bid, on which he was awarded the contract, until the
first Monday in February, and long after the January
meeting, 1908. This is not a case in which the board of
supervisors continued the consideration of bids that had
been submitted in response to notice published in De-
cember, but it is a case in which all bids were rejected
that were filed in accordance with this notice. There was
nothing the board of supervisors could do to make a
valid contract for working the roads, except to readver-
tise. It has always been thus; when the board of super-
visors rejects bids, no valid contract can be made without
a readvertisement. The case of the *State* v. *Vice,* 71
Miss. 912, is decisive of the proposition, and section 369,
which was section 344 of the Code of 1892, is mandatory.
In the Vice case, where a man was liable to road duty
under a void contract, he was prosecuted and convicted.
It was a criminal prosecution of a defaulting road hand,
instead of a defaulting road contractor, as in this case,
and in passing upon the question of whether the statute
for letting contracts is merely directory or mandatory,
Judge Woods, in the *Vice case,* 71 Miss. 918, said: "The
all-sufficient answer to this proposition is found in sec-
tion 344, Code of 1892 (369 Code of 1906). By this sec-
tion, all contracts made by the board of supervisors in
violation of any of the provisions of law, shall be void.
It is not for us to limit or modify, by judicial interpre-
tation, this unambiguous, all-embracing, and wholesome
restraint upon the action of the board of supervisors."
The court, in that case, held that a road hand could not
be prosecuted for failure to work the public roads under
a contract made for the working of roads, not in accord-
ance with the statutes. 54 Miss. 240; 76 Miss. 809; 80
Miss. 214. A county, in making expenditures and in
awarding contracts for public work, must observe statu-

tory requirements. *Leflore County* v. *Cannon,* 81 Miss.
334. The provisions of the Code, 4465-4474, are prac-
tically the same as chapter 119 of the Acts of 1900.
The case of the *State of Miss.* v. *Thomas Edwards,* 81
Miss. 399, is also decisive of the proposition involved
in relation to the letting of the contracts for the work-
ing of public roads, after three weeks' notice. In that
case, Edwards was indicted for failure to pay the com-
mutation tax, under the road law of 1900, and Judge
Whitfield stated in that case: "Every one of the provi-
sions we have set forth as vital to the legal operation
of the åct was flagrantly violated by the board of super-
visors. The law has been adopted by the county, and it
remains for the board to put it into effect by conforming
to the provisions of the act." And again: "Among
the provisions that are essential to the practical opera-
tion of the law that the road shall be divided into con-
venient links, that the working of the roads shall be let
out to competitive biddings," etc. From the statement
of facts in the *Edwards case,* 81 Miss. 401, we quote as
follows: "The circuit court found the following: That
the contract entered into by the board of supervisors
and the road contractor was void because it was without
previous advertisement for bids." The statement of
facts, as shown by page 400 of said 81 Miss., was that
the board rejected all bids in pursuance of the adver-
tisement, and then, without readvertisement, made a con-
tract with one Harris. The Edwards case and the case
at bar are on all fours. The case of *Marion County* v.
*Foxworth,* 83 Miss. 677, is not at all applicable to the
proposition involved in this case, except that it reaffirms
the announcement of our court made in all of the above
cases, that all contracts made in violation of sections
361 and 362 of the Code of 1906, are absolutely void.
The Foxworth case simply holds that contract for extra
work could be made without further advertisement; and
it likewise holds that contract for work not extra cannot

be made without advertisement therefor, under the section of the Code above referred to. If the contract between the road contractor, Wall, appellee here, and Carroll county, is void, under the well known adjudications of our court, then the court below, in the trial of this case on the merits, committed no error in excluding the said contract and in directing a verdict for the defendant.

As we have already stated, the board of supervisors, at the January meeting, 1908, did not continue the matter of the consideration of the bids submitted at that meeting. The bids submitted under the December notice were all rejected, and the matter closed. The board of supervisors, after final adjournment, is without power to reverse or to vacate its acts. *Keenan* v. *Harkins,* 82 Miss. 709; *Arthur* v. *Adams,* 49 Miss. 404; Am. and Eng. Ency. of Law, vol. 7, page 1008. While we are of the opinion that the court below erred in overruling the demurrer of the appellee to the indictment, we respectfully submit that there was no error in excluding the contract and in directing the verdict for the defendant.

Argued orally by *James R. McDowell,* assistant attorney-general, for the state.

ANDERSON, J., delivered the opinion of the court.

The appellee, Wall, was indicted as road contractor of the fourth district of Carroll county, under section 4473, Code 1906, for neglect of duty as such contractor in failing to keep one of the public roads in his district in repair as required by his contract and bond, to which indictment he interposed a demurrer, which was overruled by the court. There was then a trial, resulting in a verdict of acquittal; the court instructing the jury to return such a verdict on the ground that the order of the board of supervisors awarding appellee the contract, and the contract itself, was void, because the publication of notice to prospective bidders was illegal, three weeks

not having intervened between its first publication and the time fixed at which the contract was let. From this judgment of acquittal the state prosecutes this appeal.

The necessary facts to be stated are as follows: At the November meeting, 1904, the board of supervisors by resolution adopted chapter 119 of the Acts of 1900, providing for working the public roads by contract; and at the January meeting, 1907, the board and the appellee, as such contractor, mutually agreed to come under the provisions of sections 4465 to 4474, inclusive, Code 1906, which also provides for working the public roads by contract, and an order to that effect was entered on the minutes of the board, which action of the board and contractor was authorized by section 4475 of the Code. At the December meeting, 1907, the public roads of the county were reclassified and relinked, and plans and specifications prepared in accordance with law, by which they were to be worked for a term of four years, beginning with the first Monday of March, 1908, and an order made directing the clerk of the board to give notice by publication, as required by law, that at the January meeting, 1908, bids would be received and contracts let for working such roads, which notice was published legally, and at the January meeting contracts were awarded for the roads in district two, and all bids for the other districts were rejected; the order as to districts one, three, four and five being in this language: "And it further appearing that there were no bids for working the roads of districts Nos. three and five, it is therefore ordered that the awarding of the contracts for districts one, three, four and five be continued until first Tuesday in February, 1908, and that the clerk of the board be directed to give publication of notice to prospective bidders to file their sealed bids with the clerk on or before twelve o'clock of said first Tuesday of February, at which time said sealed bids will be opened by the board and the contracts awarded by said board, if any of said

bids are satisfactory, and if not the letting of said con-
tracts will be offered at public outcry to the lowest bid-
·der at the courthouse in the town of Vaiden, Mississippi.
The board of supervisors reserves the right to reject any
.and all bids.'' Attempting to comply with this order,
the clerk published the notice therein directed in three
issues of a weekly newspaper in the county, the first
publication being in the issue of January 18th, and there-
fore within less than three weeks of the first Tuesday of
February, the time fixed for receiving bids and letting
the contracts. Appellee filed his sealed bid, and at the
time named in the notice was awarded the contract for
the fourth district, and filed the bond required; he being
the lowest and best bidder.

The court is asked to pass on the question of the cor-
rectness of the action of the court below in overruling
the demurrer to the indictment. The authority of this
·court to entertain appeals by the state in criminal cases,
.and the limits of such authority, are fixed by section 40,
·Code 1906, which is as follows:

''The state or any municipal corporation may prose-
·cute an appeal from a judgment of the circuit court in a
·criminal cause in the following cases:

''(1) From a judgment sustaining a demurrer to, or a
motion to quash, an indictment, or an affidavit charging
·crime; but such appeals shall not bar or preclude another
prosecution of the defendant for the same offense.

''(2) From a judgment actually acquitting the de-
fendant where a question of law has been decided ad-
versely to the state or municipality; but in such case the
appeal shall not subject the defendant to further prose-
·cution, nor shall the judgment of acquittal be reversed,
but the supreme court shall nevertheless decide the ques-
tion of law presented.

''(3) From a ruling adverse to the state or munici-
pality in every case in which the defendant is convicted
·and prosecutes an appeal; and in such case the whole

record shall be carried before the supreme court on the direct appeal, and the case shall be treated as if a cross-appeal had been formally prosecuted by the state. All questions of law thus presented shall be decided by the supreme court."

Under paragraph one of this statute the supreme court is authorized to review the judgment of a circuit court sustaining a demurrer to an indictment, but not one overruling one thereto, as is the case here; and neither paragraph two nor three of the statute authorizes a review of this question, because by the provisions of the former the judgment appealed from must be one of acquittal, deciding a question of law adversely to the state, and by the latter a judgment of conviction, appealed from by the defendant, where there has been a ruling adverse to the state. So it is clear this is purely a moot question, which this court is without authority to determine.

The other question involved, whether the court erred in instructing the jury to acquit the appellee, is, under paragraph two of this statute, properly before this court, because there was a "judgment actually acquitting the defendant, where a question of law has been decided adversely to the state," which is whether the testimony offered tended to establish the guilt of the appellee; or, putting the concrete case, whether the appellee's contract with the county to work the roads of district four is void, because three weeks did not intervene between the first publication of notice to bidders, and the time set at which such contract was let.

Section 4465, Code 1906, provides that contracts for working the public roads shall be let as other public contracts, "as provided in sections 361 and 362 of this Code, except that the board shall have the right to reject any and all bids," etc.; and section 361, that where the amount of the contract for public work exceeds fifty dollars it shall be let "upon at least three weeks' public

notice by advertisement in a public newspaper of the county," etc.; and section 362 prescribes what the notice so published shall contain; and section 1607, that "when publication shall be required to be made in some newspaper for three weeks, it shall be sufficient to publish once each week for three weeks, even though there be not three weeks between the first and last publication, but there must be three weeks between the first publication and the day of the appearance of the party, or other things for which the publication shall be made," etc.; and section 369, that "all contracts made in violation of any of the provisions of law shall be void." Under the provisions of these statutes it takes no reasoning to demonstrate that, under the publication of the notice in question (if required by law to be made), it is void, because less than three weeks intervened between its first appearance and the February meeting of the board. This is too patent for argument; and so is it that, if the publication of the notice (if required to be made) is illegal and void, the order of the board awarding the contract to appellee is void, for section 369, *supra,* so expressly declares, as construed in *State* v. *Vice,* 71 Miss. 912, 15 South. 129.

And it is equally as plain that the publication of a new notice for the February meeting was required, for the one published for the January meeting was *functus officio.* In obedience to it, bidders had appeared at that meeting and filed their bids, all of which had been rejected by the board; and for the purpose alone of calling for other bids the matter was continued to the February meeting, and the clerk ordered to publish the necessary notice to prospective bidders. This is not a case where bids were received at one meeting and not acted on, action thereon being continued until the next meeting.

It follows from these views that the case is affirmed.

*Affirmed.*