BOARD OF SUP'RS OF HANCOCK COUNTY *et al. v.* COOPER.*

(Division B. May 16, 1927.)

[112 So. 682. No. 26567.]

1. HIGHWAYS. *On changing specifications of contract for sea wall before completion of advertisement for bids, contract subsequently entered into was void (Hemingway's Code, sections 3734, 3742; Laws 1924, chapter 319, section 4).*

   Where road protection commission, under Laws 1924, chapter 319, advertised for bids for construction of sea wall in accordance with Hemingway's Code, section 3734, but before completion of advertisement amended plans and specifications relative to liability for storm hazard and liquidated damages for delay after expiration of time limit, the contract was void, in view of secton 3742, notwithstanding the prospective bidders were personally notified of such changes, since Laws 1924, chapter 319, section 4, authorizing advertisement for bids without setting out manner of making advertisement, had effect of adopting general statute relative thereto.

2. HIGHWAYS. *Changes, pending advertisement for bids in plans and specifications for sea wall affecting storm hazard and liquidated damages, held material, requiring new advertisement (Laws 1924, chapter 319).*

   Changes in plans and specifications for construction of sea wall, under Laws 1924, chapter 319, pending advertisement for bids, affecting liability for storm hazard and liquidated damages for delay after expiration of time limit, *held* material and to require advertisement for prospective bidders to start all over again.

---

*Corpus Juris-Cyc References: Highways, 29CJ, p. 606, n. 80; p. 607, n. 81.

APPEAL from chancery court of Hancock county.

HON. V. A. GRIFFITH, Chancellor.

Suit by William Cooper against the board of supervisors of Hancock county and others. Decree for complainant, and defendants appeal. Affirmed.

*R. L. Genin, E. J. Gex, Gardner & Brown, Gex & Russell* and *Carl Marshall,* for appellants.

The appellants contend that such changes as were made by the road protection commission ;and the board of supervisors of Hancock county did not in any respect constitute a change in the quality, strength, or quantity of the work or the nature of the construction of the sea wall; that the amendments did not constitute a change in the manner in which said work should be constructed; that the nature of the modifications was such that the commission and the board of supervisors had the right to make them at any time prior to the execution of the contract; and that there was no law requiring three weeks' publication of the notice of the specifications as amended.

Chapter 319, Laws of 1924, granting authority to road protection commissions to enter into contracts to construct sea walls or road protection is a new law independent of the general statutes governing the making of contracts by the board of supervisors, and the manner of advertising for such contracts is not governed by the general laws relative to letting of public contracts by such board of supervisors. *Peets* v. *Martin,* 101 So. 78; *Gully* v. *Harrison County,* 84 So. 163.

The complaining taxpayer did not even attempt to allege that the two simple amendments that were made would result in the county obtaining a sea wall constructed in any manner of less strength or durability, nor in the type or plan of the structure itself. He asserts the invalidity of the awarding of the contract on the sole grounds that after the simple alterations were made, a new advertisement was not had for a period of three weeks. In fact, as the record discloses, there was no change whatsoever in the plans or specifications and, therefore, the taxpayer has no just grounds for complaint against the action of the commission and of the board.

The record discloses that it was in the interest of the county to modify section or paragraph 30 of the specifications to the extent that the contractor would not be liable for the result of tidal waves in the Gulf where the waters thereof were raised to a height of four feet above mean Gulf level. Such change in no way lessened the durability, stability, or the quality of the material, or the plan of construction, but were made simply in the interest of economy to the county and to induce bidders to maks a lower price for the construction thereof because of the release from liability from any damage or injury the wall might sustain from causes over which they had no control whatsoever.

The commission and the board also found as the testimony discloses, that the reduction of the penalty from one thousand to one hundred dollars per day for each day that the work remained uncompleted within the contract period was also made in the interest of the county.

Section 4, chapter 319, Laws of 1924, creating the road protection or sea wall commission provides that the commission, not the board of supervisors shall "advertise for bids and let a contract or contracts therefor," but the chapter makes no provision as to the manner or length of time the commission shall advertise for bids.

Section 361, Code of 1906 (section 3734, Hemingway's Code) provides that all contracts made by the board of supervisors for any public work not otherwise specifically provided for shall be made after at least three weeks public notice by advertisement in a newspaper. It was clearly the intention and purpose of the legislature, however, to create as far as possible an independent body to have control and charge of the construction of road protection or sea wall; hence, the general statute does not apply.

The awarding of the contract has the very strongest of support in principle in *Marion County* v. *Foxworth,* 83 Miss. 677, 36 So. 36. See, also, *Dickson* v. *Greene County,* 76 Miss. 794; *Quin* v. *Pike County,* 94 Miss. 356; *Robert-*

*son, Rev. Agt.,* v. *Southern Bitulithic Co. et al.,* 97 So. 482.

The proceedings leading up to the actual letting of the contract were all enacted in the utmost good faith, and if not in literal compliance with the laws governing the letting of contracts by the board in such matters, certainly in substantial compliance with chapter 319, Laws of 1924, and all other statutes, if any, in any way affecting the awarding and making of such contract for the particular work contemplated to be done under the contract in question.

*J. L. Taylor,* for appellee.

Chapter 319, Laws of 1924, known as the sea wall law, stipulates that the commission advertise for bids and let the contract or contracts therefor, such contracts to be submitted to and approved by the board of supervisors and to be executed by the board of supervisors.

Section 361, Code of 1906 (section 3734, Hemingway's Code), provides that all contracts by the board of supervisors for any public work not otherwise specifically provided for shall be made upon at least three weeks' public notice in the newspapers and in all cases before the notice shall be published or posted, the plans and specifications for the work shall be filed with the clerk and there remain.

In this case the plans and specifications were filed with the clerk of the board of supervisors and were approved by the board, but after advertising for bids had been begun, the road protection commission changed the specifications with the consent of the board. However, bids were not received for the work on the plans and specifications filed with the clerk of the board *before* the beginning of the notice for bids, but bids were received on the plans and specifications that were amended *after* the notice for bids had been begun, which does not appear to comply with the requirements of said code sections. See

*Leflore County* v. *Cannon et al.,* 81 Miss. 334; *State* v. *Wall,* 98 Miss. 521.

The president of the commission testified that the difference in price between the first bid and the last bid was three hundred thousand dollars, so that evidently there must have been a very material change in the specifications to warrant the difference of three hundred thousand dollars in the bid.

This cause should be affirmed.

Argued orally by *R. L. Genin* and *Hanun Gardner,* for appellants.

ANDERSON, J., delivered the opinion of the court.

Appellee filed his bill in the chancery court of Hancock county against appellants board of supervisors of Hancock county, road protection commission of that county, and Pryor-Orman & Co., to enjoin the carrying out of a contract between appellants Hancock county and the road protection commission on the one hand, and appellant Pryor-Orman & Co., on the other, which contract had been entered into under chapter 319, Laws of 1924, and by the terms of which Pryor-Orman & Co. had undertaken to construct a sea wall along the sea front in that county. The bill was answered by appellants, and there was a trial on bill, answers, and proof, resulting in a decree granting the prayer of appellee's bill, and from that decree appellants prosecute this appeal.

The statute involved authorizes any county in this state, where any land of such county touches upon a body of tidewater, to erect a sea wall or other construction for the protection of the public highway extending along the shore of such body of tidewater, to issue bonds of the county therefor, and to apply a portion of the gasoline tax collected therein toward the payment of the interest and principal of such bonds. The statute is known as the Sea Wall Act.

The questions involved require a construction of section 4 of the act, in connection with sections 361 and 369 of the Code of 1906 (sections 3734 and 3742, Hemingway's Code). Section 4 of the Sea Wall Act is as follows:

"Whenever it may be necessary to protect any highway under the provisions of this act, the board of supervisors by an order on their minutes shall so declare and shall certify the same to the Governor of the state, who shall thereupon appoint five suitable freeholders of the county to constitute, and be known as, the road protection commission of such county, and who shall decide and recommend the kind and character of protection necessary to be approved by the board of supervisors. When such commission shall have been appointed and shall have organized, said commission shall select and employ a suitable engineer to be approved by the board of supervisors to make a survey, plans, specifications and estimates of costs of construction under the direction of the said road protection commission, to be approved by the board of supervisors, and when so approved, the board of supervisors may proceed to issue bonds of the county therefor, and the road protection commission shall thereupon advertise for bids and let a contract or contracts therefor, such contracts to be submitted to and approved by the board of supervisors, all contracts under this section to be executed by the board of supervisors. The road protection commission and the board of supervisors are authorized and empowered to do all things and to make all expenditures necessary to carry out the purposes of this act."

Section 361, Code of 1906 (section 3734, Hemingway's Code), is in this language:

"All contracts by boards of supervisors for any public work not otherwise specifically provided for, where the amount of the contract shall exceed fifty dollars, shall be made upon at least three weeks' public notice by advertisement in a public newspaper of the county, if there be one, and if not, by posting written or printed notices

at the courthouse door and in each supervisor's district of the county, which notice shall distinctly state the thing to be done, and invite sealed proposals, to be filed with the clerk, to do the work, or such contract may be let out at the door of the courthouse at public outcry, as the board shall direct; and in all cases, before the notice shall be published or posted, the plans and specifications for the work shall be filed with the clerk and there remain; and the board shall award the contract to the lowest bidder, who will comply with the terms imposed by such board, and enter into bond with sufficient sureties, to be approved by the board, in such penalty as may be fixed by such board, but in no case to be less than the contract price, conditioned for the prompt, proper and efficient performance of the contract. The principal, or at least one surety on the bond, shall be a resident of the county in which the contract is let."

The only provision in section 369, Code of 1906 (section 3742, Hemingway's Code), to be considered is the last clause of the section, which provides:

"And all contracts made in violation of any of the provisions of law shall be void."

The board of supervisors of Hancock county, acting under the Sea Wall Act, determined to build a sea wall for the protection of the public highway running along the Gulf front, and entered a resolution upon their minutes to that effect, and certified the same to the Governor, who, thereupon, under the act, appointed a road protection commission, consisting of five freeholders of the county, which road protection commission employed an engineer, who drew up plans and specifications for the construction of a sea wall, which plans and specifications were approved by the road protection commission and by the board of supervisors. One section of the plans and specifications, styled "Storm Hazard," provided that the contractor should assume all liability to, or destruction of, the sea wall while in process of construction. Another section provided that the contractor should be

liable in damages at the rate of one thousand dollars per day for every day the sea wall remained unfinished, after the expiration of the time limit in the contract for its completion. The letting of the contract for the construction of the sea wall was advertised in a newspaper of the county in accordance with section 361, Code of 1906 (section 3734, Hemingway's Code), but before the completion of the advertisement, as provided by the statute, the road protection commission amended those provisions of the plans and specifications so as to provide in the storm hazard clause that the county would only be liable for injury to the sea wall caused by tidal forces sufficient to raise the Gulf along the shore adjacent to the sea wall to an average height of four feet above the mean Gulf level; and the liquidated damage clause by providing that the contractor should be liable for only one hundred dollars per day instead of one thousand dollars per day for each day of the sea wall remained unfinished after the expiration of the time limit fixed in the contract for its completion. These changes in the plans and specifications were approved by the board of supervisors, but not until after the time set for the letting of the contract. The result was that the plans and specifications for the work, as amended, were not on file with the clerk of the board of supervisors before publication of the notice to prospective bidders had been first published. In fact, two publications of such notice had taken place when the amendments to the plans and specifications shown above were made.

Appellee's bill charged no fraud or bad faith on the part of appellants in doing what was done, and the evidence in the case shows that it was all done in perfect good faith, and, probably, for the best interest of the county.

Appellants contend that section 361, Code of 1906 (section 3734, Hemingway's Code), providing how contracts for public work shall be let, has no application to the letting of contracts for sea wall work under chapter 319,

Laws of 1924; that the latter statute contains within itself a complete scheme of legislation; that section 4 of the act provides that the road protection Commission shall advertise for bids for the construction of the sea wall, and that, therefore, the other statute is excluded from operation under the Sea Wall Act. It is provided in section 4 of the Sea Wall Act that the road protection commission shall advertise for bids and let the contract for the sea wall work, such contract to be approved by the board of supervisors, but the statute is silent as to the manner in which the advertisement is to be made and for how long. Appellants contend that, therefore, any reasonable method of advertising the letting of the contract was all that was necessary—that any method which informed prospective bidders of the time and place of the letting of the contract was sufficient. The evidence showed, without conflict, that when the plans and specifications were amended, as above stated, prospective bidders all over the country were notified, personally, by telegram, or by letter, of such changes; and that, therefore, no harm resulted to the county by the method of advertising adopted; that, in fact, the method adopted was as efficient as that provided by the general statute for the letting of contracts for public work.

We do not think appellants' position is well founded. Section 4 of the Sea Wall Act, authorizing the advertisement for bids for the work to be made by the road protection commission without setting out the manner of making such advertisement, had the effect of adopting the general statute on the subject of advertising for bids for the letting of contracts for public work. Section 361, Code of 1906 (section 3734, Hemingway's Code). *Swayne* v. *Hattiesburg* (Miss.), 111 So. 818. If any other method of advertising had been intended by the legislature, it should, and doubtless would, have provided for it in the Sea Wall Act.

Appellants contend, however, that, conceding that the law was not complied with in advertising the letting of

147 Miss.—5.

the contract, still no harm was done the county, and therefore the action of the road protection commission and board of supervisors in that respect was legal and ought to be upheld. And, as stated, the evidence showed that probably the county was benefited instead of harmed by the method adopted by the road protection commission and board of supervisors. Nevertheless, the courts cannot write out of a statute, in order to save one particular, meritorious case, language declaring a wholesome public policy as does section 361, Code of 1906 (section 3734, Hemingway's Code). It is provided in that statute, "and in all cases, before the notice shall be published or posted, the plans and specifications for the work shall be filed with the clerk and there remain," and section 369, Code of 1906 (section 3734, Hemingway's Code), among other things, provides that all contracts let by the board of supervisors "in violation of any of the provisions of law shall be void." It was held in *Le Flore County* v. *Cannon,* 81 Miss. 334, 33 So. 81, that in letting contracts for public work and making expenditures therefor the requirements of the statute providing therefor should be strictly pursued. In *State* v. *Wall,* 98 Miss. 521, 54 So. 5, it was held that all contracts for public work, made in violation of section 361 of the Code of 1906 (section 3734, Hemingway's Code), were void under the provisions of section 369, Code of 1906 (section 3734, Hemingway's Code).

We think the changes made in the plans and specifications pending the advertisement for bidders for the work were very material. The result was that one contract was advertised and, at the letting, a materially different contract was entered into by the road protection commission and the county. Under the statute, when the plans and specifications were altered, a new advertisement for bidders was necessary. In other words, it was necessary, after such changes, that the advertisement for prospective bidders start all over again. Appellants argue that the changes in the plans and specifications were

not such as to require a new advertisement for bidders, and, to sustain that contention, they cite *Dixon* v. *Greene,* 76 Miss. 794, 25 So. 665, and *Marion Co.* v. *Foxworth,* 83 Miss. 677, 36 So. 36. We do not think these authorities sustain appellants' position. It was held in the Greene county case that, where a contractor for the building of a courthouse varies from the plans and specifications made a part of the contract, it was competent for the board of supervisors to compromise and adjust the matter with the contractor, and pay for the courthouse actually erected. In that case, the contract for the construction of the courthouse had been let in compliance with the law, but the contractor in the construction of the courthouse had violated the contract. The court held, as stated, that the board had the right to compromise and adjust the differences existing between the county and contractor. In the Marion county case, the court held that, after letting the contract for the erection of a bridge, it had been found during the construction of the bridge that extra work, not provided for in the contract, was necessary, and the board of supervisors had the right to contract for such extra work without advertising for bidders.

It follows from these views that the decree of the court below should be affirmed.

*Affirmed.*