PATTERSON, Justice.
This is an appeal by the State of Mississippi from a judgment of the Circuit Court of the Second Judicial District of Harrison County sustaining demurrers- of Leon T. Rogers, Jr., Paul H. Sanders, Quentin Stringer, and Thomas D. Dunn to an indictment presented against them for obtaining money of the State of Mississippi in violation of Missisippi Code 1942 Annotated section 2149 (1956), commonly called the “false pretense” statute.
*347 The four defendants were charged under the same indictment, were granted severance, and each demurred to the indictment on several grounds. The trial court’s order was: “(1) That the motion to quash on plea to the jurisdiction * * * shall be held in abeyance, it not being necessary to be ruled upon in view of the action hereinafter set out with respect to the demurrer; (2) that the demurrer be and the same hereby is sustained for the reasons, first, that the indictment does not properly recite that the grand jurors who returned the indictment were drawn from the Second Judicial District of Harrison County, Mississippi, and second, for the reason that the indictment does not charge an offense against the State of Mississippi for the reason that it does not properly or sufficiently recite that the pretenses charged therein were the moving cause of payment of any monies by the State of Mississippi. The remaining grounds for demurrer are denied. The motion of the State to amend with respect to the first grounds only for sustaining said demurrer set forth above are the subject of separate order of this Court; (3) the right to appeal as suggested by the State of Mississippi is recognized, and in the event of any such appeal, the motion ore tenus of the defendant for leave to cross appeal is granted.”
The indictment was amended by the State in accord with the court’s order and an appeal taken as to the second ground for sustaining the demurrer. The causes were consolidated for the purposes of this hearing.
The first question to be determined is the scope of this appeal.
The judgment of the court below sustaining the demurrer is limited to the failure of the indictment to recite that the grand jurors were drawn from the Second Judicial District of Harrison County and that the indictment does not charge an offense against the State since it does not properly recite that the pretenses charged were the moving cause of payment by the State. The remaining grounds were specifically overruled.
The State’s appeal is based solely upon an assignment of error that the lower court erred in sustaining the demurrer to the indictment on the ground that it did not properly or sufficiently recite that the false pretenses charged therein were the moving cause of payment by the State. The appellees respond to this assignment of error and contend further that the lower court erred in not sustaining its demurrer on the additional ground that no essential element of the alleged offense was charged to have occurred in the Second Judicial District of Harrison County where the indictment was brought. They argue that a question of jurisdiction may be raised at any time, and, conceding ar-guendo the court erred in sustaining the demurrer on the ground that the false pretenses were not the moving factor in obtaining the money of the State, there are other grounds of demurrer, namely jurisdiction, which the court should have sustained, thereby requiring affirmance. We are of the opinion that the defendants, in the absence of a cross appeal, cannot enlarge the dimension of the State’s appeal which precludes, presently, a review of the jurisdictional issue.
This Court has often held that a question of jurisdiction may be raised at any time. Brasham v. State, 140 Miss. 712, 106 So. 280 (1925), and the authorities cited therein. However, the posture and peculiar circumstancs of this case do not warrant the application of such general rule. The authority for this appeal is Mississippi Code 1942 Annotated section 1153 (1956) which is in approprate part:
State or municipality may appeal in certain criminal cases.
The state or any municipal corporation may prosecute an appeal from a indictment, but not one overruling one inal cause in the following cases:
*348 (1) From a judgment sustaining a demurrer to, or a motion to quash an indictment, or an affidavit charging crime; but such appeals shall not bar or preclude another prosecution of the defendant for the same offense.
In State v. Wall, 98 Miss. 521, 534, 54 So. 5, 7 (1911) the State appealed from a verdict of acquittal and requested this Court to pass on the correctness of the action of the lower court in overruling a demurrer to the indictment. This request was rejected, the Court stating:
* * * [T]he Supreme Court is authorized to review the judgment of a circuit court sustaining a demurrer to an indictment, but not one overruling one thereto. * * *
This emphasizes, we think, the strict confines of an appeal by the State. The demurrers of the defendants challenged the indictment on numerous grounds. Each ground was considered by the court and overruled or sustained. The State, being limited by statute and case law, and having cured one of the defects in the indictment by amendment, could appeal only on the basis set forth in its assignment of error.
The defendants did not perfect a cross appeal to the court’s judgment adverse to them though the same was authorized by the learned trial judge. In fact, the record reflects that the defendants filed a motion to quash the indictment charging that the offense alleged therein took place in Hinds County, according to Sanders, Dunn, and Rogers, or outside the Second Judicial District of Harrison County according to Stringer. This jurisdictional issue was held in abeyance until the indictment was amended. Subsequently, the district attorney suggested that the motion to quash be set for hearing, whereupon the court stated that it would be held in abeyance until the indictment could be passed upon by this Court. In this posture of the case we decline review beyond the State’s assignment of error since the defendants did not cross appeal, and since the trial court reserved for future determination the jurisdictional issue. Owens v. Owens’ Estate, 84 Miss. 673, 37 So. 149 (1904). See also Gwin v. Fountain, 159 Miss. 619, 653, 132 So. 559 (1931) wherein this Court stated:
* * * This court is only a court of appellate jurisdiction, and cannot decide issues of fact which have been pretermitted by the court below * * *
We are of the opinion that the indictment, which is too lengthy to be set out herein in full, sufficiently charges that the false pretenses of the defendants were the moving cause whereby the State’s money was unlawfully obtained. The indictment, after setting forth facts which were alleged to be false, charges: “ * * * did wilfully, unlawfully, and feloniously by virtue of said false pretenses cheat and defraud the State of Mississippi” and again, subsequent to an additional recitation of facts alleged to be false and known by each of the defendants to be false, further states: “ * * * and by virtue of said false pretenses * * * wilfully * * * cheat and defraud the State * * * of * * * $174,000 or a substantial portion thereof by said false representation and * * * did * * * feloniously * * * obtain * * * $174,000 or a * * * portion thereof * * * from the State * * * as a direct result of their said false pretenses * *
In Neece v. State, 210 So.2d 657 (Miss. 1968) the various cases relating to criminal indictments for obtaining goods or money as the result of false pretenses were collated and discussed. The essentials of such an indictment, namely, that the pretenses were false, that the appellant knew them to be false, that he obtained money thereby and that the pretense was the moving cause by which the money was obtained, were discussed and approved. In considering the present indictment by these standards, we think it apparent that it charges that the pretenses were false, that the defendants knew them to be false, that money was obtained from the State thereby *349 and that the pretense was the moving cause by which the money was obtained. It is our opinion that the words “by virtue of” are equivalent to “by color and means of which said false pretense,” approved in State v. Grady, 147 Miss. 446, 111 So. 148 (1927) and are the equivalent of “by means and color of which false fraudulent pretenses * * *” used in State v. Dodenhoff, 88 Miss. 277, 283, 40 So. 641, 642 (1906), both of which were upheld in Neece, supra. The present indictment additionally charges in unequivocal language “did feloniously obtain the sum of $174,-000, or a substantial portion thereof from the State of Mississippi as a direct result of their said false pretenses. * * * ” We are unacquainted with language which could more forcibly advise the defendants that their alleged false pretenses were the moving factor which caused the State to pay its monies to the defendants. We conclude that the defendants were, by the indictment, adequately informed of the charges therein laid against them and that the lower court erred in sustaining the demurrer thereto.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, BRADY, and SMITH, JJ., concur.