STATE OF MISSISSIPPI *v.* THADDEUS E. MORTIMER.

CRIMINAL LAW. *False pretenses. Public school teacher. Indictment.*

> An indictment against a public school teacher charging that, with intent to defraud the county, he made a false report to the county school superintendent for the second month of his school, upon the faith of which he was allowed a second assistant teacher for the third month, and that with intent to defraud, etc., he obtained a teacher's pay certificate for such assistant, is demurrable in the absence of a charge that the attendance on the school for the third month did not entitle defendant to the second assistant during said third month, and that the certificate was not compensation for services actually rendered by said assistant during the third month.

FROM the circuit court of Tippah county.

HON. PERRIN H. LOWREY, Judge.

Mortimer, appellee, was indicted for obtaining a teacher's pay certificate by misrepresentations. A demurrer to the indictment was sustained, and the state appealed to the supreme court.

The indictment in this case, leaving off the formal parts, is as follows: "Thaddeus E. Mortimer, late of the county aforesaid, on the 4th day of January, 1902, in said county, being then and there the principal of the Blue Mountain white public school in said county, and it being his duty under the law to make monthly reports to the county superintendent of education of said county of the number of pupils in attendance upon said public school, and the monthly average of said attendance of pupils, the said Thaddeus E. Mortimer, as teacher aforesaid, with the intent of him, the said Mortimer, unlawfully, designedly, feloniously, falsely, and fraudulently to cheat, wrong, and defraud the said county of Tippah, then and there did unlawfully, feloniously, designedly, falsely, and

fraudulently, by virtue of a false token and writing called a monthly report of said school, pretend that the school report made by him, the said Mortimer, on the 4th day of January, A.D. 1902, for the said month of the Blue Mountain public white school in said county beginning on the 2d day of December, 1901, and ending on the 30th day of the same month, was true, and by said report did say that there was in attendance on said school for said month, an average attendance of 82 3-20 pupils, whereas in truth and in fact there was an average attendance of less than 80 pupils for said month, by means of which false pretenses, and false report of the average attendance of pupils for said second month at the said school, he, the said Thaddeus E. Mortimer, was permitted by the county superintendent of education to have a second assistant in said school for the third month of said school, which assistant would not have been allowed for an average below 80 pupils for second month, and by means thereof, and with intent of him, the said Mortimer, unlawfully, feloniously, designedly, falsely, and fraudulently to cheat, wrong, and defraud the said county of Tippah, did, on the 25th day of January, 1902, in said county, unlawfully, feloniously, falsely, designedly, and fraudulently obtain from the county superintendent of education for said county a teacher's pay certificate for said second assistant teacher, of the value and for the amount of thirty-one dollars, and then and there did unlawfully, feloniously, falsely, and designedly obtain from the chancery clerk of said county a warrant on the teacher's fund of said county for thirty-one dollars, and for the value of thirty-one dollars, for the said second assistant teacher in said school, against the peace and dignity of the state of Mississippi."

*J. N. Flowers,* assistant attorney general, for appellant.

It cannot be said that the act of appellee in making his second monthly report show an average for that month of 82 3-20

pupils when the average was really below 80, was too remote as a cause for the issuance of the pay certificate. It is remote only in time, the connection is direct. It clearly appears from said indictment that the pay certificate would never have been issued to the second assistant but for this act of appellee in making his register show an average of more than 80 pupils for the second month. At the end of the second month the facts were furnished by the appellee upon which it was determined whether there would be a second assistant for the third month. Nothing but a showing made of an average of more than 80 pupils for the second month could place the second assistant where he could get his pay for the third month.

The false representation need not be the sole inducement to the parting with the property, and it is sufficient if such pretenses constituted a material part of the inducement. *Smith* v. *State,* 55 Miss., 513, is not exactly in point, but it serves to illustrate it to some extent.

This court will take judicial knowledge of the fact that the money paid out on a county superintendent's pay certificate is the money of the county.

It is not necessary to show that accused received any benefit from the property, or from his false pretenses. The law is intended for the protection of the owner of the property and it matters little what was done with it after it has gone into the possession of the wrong doer.

*Jones & Knox,* for appellee.

If the report was false and the principal obtained anything by it, he only obtained employment of the second assistant for the third month of the school. The indictment nowhere says the third month's report on which the $31.00 was obtained was not true. The indictment is fatally defective, because it does not negative the idea that the third month report was true on which the money was procured. If the school made the average

requiring the assistant for the third month and she rendered the services as teacher in said school, the public had a right to her as teacher and she had a right to the $31.00 obtained on said third month's report. The report contained the required average or the pay certificate would not have been issued. It was clearly understood and agreed that the contract was for the assistant, and the law requires that the pay certificate be issued to the assistant and not to another. Code 1892, sec. 4058.

The money was not paid in consequence of the average made by the second month, but as compensation for services actually rendered by the assistant during the third month. This case is governed by the opinion laid down in the case of *Bowler* v. *State,* 41 Miss., 570. Pay certificates can only be issued separately on each monthly report, and must be issued for services rendered.

The false pretense, if any, was too remote for obtaining the money. The contract mentioned in the indictment, the month's services rendered by the assistant, the making and certifying to the correctness of the third month's report by the trustees, on which the money was obtained, all intervened between the time of the making of the second and third month's report. On "remote pretense" see 12 Am. & Eng. Enc. Law (2d ed.), 814.


PRICE, J., delivered the opinion of the court.

The indictment against appellee is defective in not alleging substantially that the attendance during the third month did not entitle the school to the second assistant for the said month, and that the warrant was not compensation for services actually rendered by the assistant during the third month. It should have negatived the idea that the payment was made for the services rendered by the assistant during the third month, and with the average attendance entitling the school to a second

assistant.  The presumption is that the money was paid for services actually rendered, and with the requisite number of pupils, and not on account of any misrepresentations made by the appellee.

*Affirmed.*