STATE OF MISSISSIPPI *v.* HEZEKIAH S. DODENHOFF.

[40 South. Rep., 641.]

CRIMINAL LAW.  *False pretenses.  Indictment.  Sufficiency.  Demurrer.*
     An indictment for obtaining money under false pretenses, charging that defendant obtained the money of the prosecutor "by means and color of which false pretenses," is not demurrable, because it does not charge in express terms either that the defrauded party relied upon the false pretenses or was induced by them to part with his property.

FROM the circuit court of Clay county.
HON. J. T. DUNN, Judge.
Dodenhoff, the appellant, and another were indicted for obtaining $2,400 in money from J. J. Stevens and others by false pretenses.    The appellant demurred to the indictment, was sustained in the court below, and he was discharged.    The state appealed to the supreme court.    The facts are stated in the opinion of the court.

*R. V. Fletcher,* assistant attorney-general, for appellant.

The vital question presented by the demurrer is as to the sufficiency of the allegations that the defrauded parties relied upon the false representations in parting with their property.

Now, if the indictment be considered as based on Code 1892, § 1086, it cannot be said that any material element of the crime as defined in the statute has been omitted. The intent to cheat and defraud, the name of the defrauded party and property obtained, are all recited. But it may safely be conceded that the indictment should be broader and more comprehensive than the statute. The indictment is drawn with careful and painstaking regard for that high authority, Bishop on Directions and Forms. The proper form for the indictment is found on page 225 of that invaluable work. Indeed, a close comparison of the instant indictment with the one laid down as a guide shows that the pleader, out of a superabundance of caution, not only incorporated all the provisions which Bishop thought essential, but enlarged and amplified the averments. Unless these forms are to be distrusted the indictment is good. Compared with the form which the author gives as a good common law form on page 228, it is good *a fortiori.* There is a good form given on page 230 of the same work, where the false pretenses were as to pecuniary standing, which makes the precedent of special value in the instant case, and this indictment under review follows this form almost to the letter. In all these forms it is held sufficient to aver that "by color and means of which said false pretense, he, the said A. B., did then and there falsely obtain, etc." Bishop cites a vast number of authorities from nearly every state in support of the form laid down, and among others is *Bowler* v. *State,* 41 Miss., 570.

This case gives the form of the indictment which was held to be good except for the omission of the word "feloniously." A reference to the indictment shows that the only allegation that the defrauded party relied on the false representations in parting with their money was the recital "that the said Bowler, by

means and color of said false pretenses, did falsely and fraudulently obtain, etc."

Looking to the standard text-books, we find that the weight of authority is decidedly in favor of the sufficiency of the allegation that the property was obtained by reason of the false representation. Thus it is said by Wharton: "The property must be distinctly averred to have been obtained by means of the pretense. But the process of reasoning by which the conclusion was reached is usually matter of argument, not of pleading." 2 Wharton's Criminal Law, 1227.

The cases cited by Wharton are direct authority for this position. These are *Clark v. People,* 2 Lans., 329; *Com. v. Hulbert,* 12 Metc., 446.

Quoting from another standard text: "The indictment alleged in substance that the defendant unlawfully and designedly pretended certain things by means of which said false pretenses he obtained money; and in the subsequent part of the indictment all pretenses were averred to be false, and the court held this to be sufficient." 2 Russell on Crimes, 529.

Again, it seems that the allegation by means of false pretenses, defendant obtained possession of the property, is sufficient. 1 McClain's Criminal Law, 706, citing as authority *People v. Cline,* 44 Mich., 290. Practically to the same effect is 2 Bishop on Criminal Procedure, 175.

The text-books seem to speak but one language as to the validity of such an indictment. But candor compels me to admit that there is much conflict in the adjudicated cases. Especially does it seem that the Indiana court is committed to the doctrine that something more is necessary to connect the false pretense with the parting of the money or property than the allegation under review. But the weight of authority is believed to be the other way. Thus an information was held good upon an allegation that "by means of the false declarations and pretenses aforesaid, the said Penley did then and there, etc.," the court saying: "It is not indeed charged in express terms that the defrauded

party gave credit to the false pretense of this accused in regard to his property and pecuniary ability, but that he did so is a necessary implication from the allegation that the oxen were obtained by means of that assertion." *State* v. *Penley,* 27 Conn., 587.

This case is cited with approval and followed in *People* v. *Jacobs,* 35 Mich., 36, where the precise point was before the court.

The rule is the same in Minnesota, for in discussing an indictment similar to the one at bar, the court says (syllabus) : "An averment that by means of the false representations, the defendant did obtain the signature of H. to a deed executed by him, is a sufficient averment that H. was induced by the representations to affix his signature." *Minn.* v. *Butler,* 47 Minn., 483.

Ohio falls within the same class, and I cite with satisfaction the well reasoned case of *Norris* v. *State,* 25 Ohio St., Rep., 217.

This case reviews many of the authorities and holds that it is sufficient to aver that the goods were obtained by means of false pretenses.

Not precisely in point, but as indicating the respect entertained by the court for the ancient precedents as given by Bishop, is *Com.* v. *Lee,* 149 Mass., 179 (s.c., 8 Am. Crim. Rep., 249).

So, we find West Virginia, for that court has said: "It is necessary that it should appear from the indictment for obtaining money by false pretenses that the prosecutor was induced to part with his money by relying on the alleged false pretense, but it is not necessary that this should be alleged in those specific words. The statement that the prisoner, by means of the false pretenses, obtained the money, is a sufficient allegation of this fact." *State* v. *Hurst,* 11 W. Va., 54.

This carefully considered case reviews the authorities contrary to this view, and explaining them in part and disregarding them in part harks back for a sure guide and a safe precedent to such pillars of the criminal law as Archibald, Chitty and Bishop.

We may safely rest our contention here, bearing in mind that

our court in the *Bowler case, supra,* has virtually approved this form of indictment.

*Leftwich & Tubb,* for appellee.

It is not possible that the skeleton of the indictment, as laid down by Bishop, was followed by the pleader; if it was, its form and body were certainly marred when flesh was put on its bones. The attorney-general cites *Bowler* v. *State,* 41 Miss., 570, as an authority sustaining this indictment as to the point mainly argued in the state's brief, but certainly the learned district attorney-general is mistaken in this. The indictment there under review was perhaps good, for it is far clearer and more distinct than the one at hand, but it can be no authority, because no objection was made to it by the defendant, save that it did not contain the word "feloniously," and, of course, the court in passing upon it, considered nothing else. We submit, on the other hand, that this court, as far as it has dealt with the question mainly discussed by the attorney-general's brief, to wit: the averment as to the reliance of the party defrauded upon the false pretense in parting with his money or goods has held that the indictment must distinctly and plainly asseverate that the party defrauded relied on the false statements when he parted with his money. This averment must be equivalent to the statement that the party defrauded was ignorant of the truth. *Smith* v. *State,* 55 Miss., 513; *Denley* v. *State,* 12 South. Rep., 698; *State* v. *Mortimer,* 82 Miss., 443 (s.c., 34 South. Rep., 214).

In *Smith* v. *State,* first case cited above, in arguing that the false pretenses need not be the sole inducement for the injured party parting with his goods or money, our court said, on page 522: "It is sufficient if they (referring to the false pretenses) form a constituent and material part of the inducement, even though other considerations contributed also to the result, provided that without them the credit would not have been extended. 2 Wharton Crim. Law, sec. 2121; *Peeples* v. *Haines,* 11 Wendell, 559."

Again, on page 523, the distinguished judge who wrote that opinion said: "Though truth and falsehood may be blended most cunningly together and both combined might have induced the seller to part with his goods, yet if it appears that but for the falsehood he would not have done so, this is sufficient." So we come around at last to this principle, that the party defrauded must rely on the false pretenses when he parts with his goods or money, this must be shown in the testimony. If it is to be shown in the testimony it should be distinctly and clearly averred in the indictment. Especially ought this rule to be strongly invoked in a case like the one at bar.

In the case of *Denley* v. *State,* above cited, the learned Chief Justice CAMPBELL used the following language: "The indictment is substantially defective in failing to aver that the money was received by means of or because of the sale of the cotton."

This is essential, and while it is inferable from the language used that the money was got by the sale of the cotton, this is not sufficient and no intendment is allowable to supply the place of this essential averment. We submit that the indictment now under discussion is in the very teeth of the language of Chief Justice CAMPBELL; after quoting a half typewritten page of false representations which the defendants were alleged to have made, this is the language which the pleader used to show that Stevens, the party deceived, relied on these false representations when he parted with his money: "And by means and color of which false and fraudulent pretense they, and said Dodenhoff and Cotton did then and there falsely and fraudulently and feloniously obtain of the said Stevens," etc.

In the first place, this language is ambiguous for sundry false pretenses had already been alleged, and they are negatived later on in the indictment; but which one of them the pleader referred to as being the ground on which Stevens relied, he fails to disclose.

In the second place, this language is argumentative, and that Stevens relied on these pretenses at all must be inferred by

intendment, and says Judge CAMPBELL: "No intendment is allowable to supply the place of this essential averment." It is so easy and simple for the pleader to make this accusation plainly and not argumentatively and not inferentially that the rules should be fully established that it must be so made. It ought to be said just here that the latest work on pleading and practice extant cites *Denley* v. *State, supra,* as authority for the proposition that the reliance of the defrauded party upon the false pretense must be distinctly averred. While the attorney-general's brief cites Bishop as approving the form of indictment here under discussion, we think he is entirely mistaken in doing so. We especially ask the court's attention to Mr. Bishop's 2d Criminal Procedure, where he discusses the form of indictment, secs. 162–186, respectively. Says Bishop in sec. 175 : "To constitute the completed offense the things sought must be obtained not independently of the false pretenses, but by their means. That it was so must appear in allegation and with the fullness of detail which will put the prisoner in a position properly to make his defense."

WHITFIELD, C. J., delivered the opinion of the court.

This is an appeal by the state from a judgment sustaining a demurrer to an indictment charging the obtaining of money under false pretenses. The only ground of demurrer calling for serious consideration is that the indictment does not charge in express terms that the defrauded party relied on the false pretenses or was induced by them to part with his property. The exact point has never been decided in this state, and we have therefore given it most careful consideration. The allegation of the indictment is this : That "by means and color of which false fraudulent pretenses they, the said Dodenhoff and Cotton, did then and there fraudulently, falsely, and feloniously obtain of the said J. J. Stevens twenty-four hundred dollars," etc.

The chief authorities relied on by the learned counsel for the appellee are *Denley* v. *State,* 12 South. Rep., 698, and 8 Ency.

Pl. & Pr., 870, and note 3. But the first is an authority for the state. We have been at the pains to examine the original record in *Denley* v. *State,* and the indictment therein set forth. The indictment was drawn under Code 1880, § 2813, and charged the obtaining of thirty-one dollars in money from C. T. Wood, the defendant having sold Wood a bale of cotton which was subject to two trust deeds, without disclosing the liens. The sole allegation, so far as the point under discussion is concerned, in that indictment, is this: "And from him, the said C. T. Wood, feloniously did obtain thirty-one dollars in money." What the court held was that the indictment was substantially defective in failing to aver that the money was received "by means of or because of the sale of the cotton;" that is to say, the court held that, if the indictment had charged that the money was obtained "by means of the sale of the cotton," the allegation would have been sufficient. The indictment in the case at bar does charge this precise thing, that the money was obtained "by means of the false pretenses." Properly understood, *Denley* v. *State* supports the contention of the learned assistant attorney-general. Appellee also cites *State* v. *Mortimer,* 82 Miss., 443 (s.c., 34 South. Rep., 214). But that was an indictment for obtaining property under false pretenses, and as to this point charged, precisely as this indictment does, that the property was obtained "by means of the false pretenses," and that allegation was not held insufficient by the court. The case was dealt with on another proposition altogether.

The most direct authority cited by counsel for appellee is 8 Ency. Pl. & Pr., 870, which cites *Denley* v. *State*—a clear misapprehension of the effect of that decision; but this authority admits, at page 872, that the allegation as to the false pretenses need not necessarily be averred in those express words, and after discussion states the true rule to be as follows: "Although in certain states the indictment usually contains a direct allegation that the person alleged to be defrauded believed the pretenses to be true, and was induced thereby to part with his property, yet

it may be stated as the general rule that it is not essential expressly to allege reliance upon the false pretenses by the person defrauded, but that such reliance is, of necessity, implied from the averment that he was induced by the false pretenses to part with the possession of his property or to do the act complained of." This is a correct statement of the law, and the overwhelming weight of authority manifestly is, and we think the better reasoning is, that the averment that the property was obtained by means of the false pretense is the equivalent of and itself means necessarily that the defrauded person relied on the false pretenses and was induced by them to part with his property. Mr. Bishop's statement (Criminal Procedure, vol. 2, sec. 176) is simply meant to announce that some few courts have held the contrary, not that it is the better doctrine at all. For in his book (Directions and Forms) he sets out the proper form of the indictment in sec. 420, in which the allegation is simply that the defendant "did then and there obtain the property by means of the false pretenses." And so in sec. 421 the same form of allegation is used. Wharton, in his Criminal Law (vol. 2, p. 27), says that the property "must be directly averred to have been obtained by means of the false pretenses, but the process of reasoning by which the conclusion is reached is usually matter of argument, not of pleading, citing *Clark* v. *People,* 2 Lans (N. Y.), 329; *Commonwealth* v. *Hulbert,* 12 Metc. (Mass.), 446. Russell says (2 Russell on Crimes, 529): "The indictment alleged in substance that the defendant obtained certain things by means of said false pretenses, and the court held this to be sufficient." See, also, 2 Bishop's Criminal Procedure, sec. 175; 1 McClain's Criminal Law, 706. Indeed, the text-books lay down the rule that the averment that the property was obtained by means of the false pretenses is sufficient.

Turning, now, to some well considered cases, we find that in *State* v. *Penley,* 27 Conn., 591, the court says: "It is not, indeed, charged in express terms that Percy gave credit to the false pretenses of the accused in regard to his property and pecuniary

ability; but that he did so is a necessary implication from the allegation that the oxen were obtained by means of that assertion. We think the information, therefore, although exceedingly concise, not to say meager, in its details and allegations—too meager to deserve commendation—sufficient to warrant and sustain the conviction." This case is cited, approved and followed in *People v. Jacobs*, 35 Mich., 36. In *State* v. *Butler*, 47 Minn., 485 (s.c., 50 N. W. Rep., 532), it was expressly held that, where there has been obtained by false representations a party's signature to a deed, the averment "that by means of the false representations the defendant did obtain the signature of H. to a deed executed by him is a sufficient averment that H. was induced by the representations to affix his signature." In *Norris* v. *State*, 25 Ohio St., 217 (18 Am. Rep., 291), is an excellent discussion reviewing all cases supposed to hold the contrary, amongst others, *State* v. *Philbrick*, 31 Me., 401, cited by Mr. Bishop in his Criminal Procedure (vol. 2, sec. 176), and concluding that the better view is that it is sufficient to aver that the defendant obtained the property by means of the false pretenses. In the case of *State* v. *Hurst*, 11 W. Va., 60, the court say on this precise point: "After setting out the false pretenses of the accused, each of these four counts of the indictment alleges, 'By means of which said false pretenses the said Gilbert L. Hurst did then and there feloniously obtain from said Benjamin R. Coffman this money,' describing it. This is almost identically the language of the statute, 'by false pretenses obtained money,' and it means that Benjamin R. Coffman was induced by said false pretenses to part with said money." There is not, however, as the counsel for the defendant insists, any necessity, or even propriety, in using this phrase in the indictment. On the contrary, the phrase which has been used to convey the same idea is more appropriate, being not only the form in which it is put in the statute which creates the offense, but also the form universally used, and the one prescribed in all the text-books. See Archibald's Criminal

Pleading (ed. 1843); Chitty's Criminal Law (ed. 1847), p. 1005; Bishop's Criminal Procedure, vol. 2, sec. 162.

The counsel for the defendant, however, refers to several cases as sustaining his position that this essential element of this statutory offense should be alleged in a manner more direct than it is alleged in this indictment, or in any of the forms of indictment given by our best writers on criminal law. The cases referred to, I think, sustain no such position. In all of them, it is true, there was an allegation that by means of said false pretenses the accused obtained money or property, and the indictment was pronounced bad, but not because of this allegation; for, as I understand these cases, in each of them the indictment would have been held bad, had they contained the most explicit and direct averment that the prosecutor had been induced to part with his money by relying on the false pretenses of the accused. The difficulty in each of these cases was not in the form in which this necessary allegation was made; but it lay in this: that the allegations in the indictment did not show that the false pretenses had any connection with the prosecutor's parting with his money, and, if the false pretenses alleged are of such a character that they could not have induced the prosecutor to part with his money, then the allegation that he was so induced would not make such an indictment good. This is all that can, I think, be fairly deduced from any of the cases cited by the defendant's counsel. They certainly do not give any countenance to the position that in all cases, or even ordinarily, it is necessary, in respect to the matter under consideration, to do more in an indictment for obtaining money by false pretenses than to allege that by means of the false pretenses the money was obtained. I do not think that it can be fairly deduced from any of these decisions that any of the courts who rendered them would have held that more than this was necessary in any case, though the court in some of them uses loose language that might countenance the idea that more than this might be required to be alleged in some peculiar case. The cases to which I refer are *Rex* v. *Reed,*

7 Car. & P., 849 (32 Eng. Common Law, 904); *State* v. *Orvis,* 13 Ind., 569; *Meshmeier* v. *State,* 11 Ind., 482; *State* v. *Green,* 7 Wis., 676. We think this last case puts the matter in a correct and clear light. There can be no rational contention that a defendant is not, by this form of averment, duly and fully informed of the precise crime with which he is charged. As said by the West Virginia supreme court, it is the most appropriate form to use, and the holding that it is sufficient to aver in an indictment of this sort that the defendant obtained the property by means of the false pretenses is, in our judgment, most consonant, not only with the overwhelming weight of authority, as contained in both text-books and decisions, but with sound principle and common sense.

Preserving to a defendant the right to be duly informed of the nature and cause of the accusation made against him, there ought not to be, in addition to this, insistence upon forms which are purely technical and surplusage. There are too many reversals by far on technical grounds. They ought to be had, in those cases where the defendant is shown by the testimony to be manifestly guilty, only upon objection having real and substantial merit.

*It follows that the judgment must be reversed, and the demurrer to the indictment overruled, and the cause remanded.*