## G. F. PITTMAN *v.* STATE.

[58 South. 532.]

FALSE PRETENSE. *Fraud. Necessity for. Code of* 1906, *Sec.* 1166.

In order to constitute an offense under the Code of 1906, Sec. 1166, punishing every person who with intent to cheat shall designedly by any false token or writing or by any false pretense obtain from a person money etc. the false pretense relied upon for conviction must be accompanied by something more than a mere false statement of a fact whereby money or other valuable thing is obtained from another. Such false statement must also be accompanied by an intent to cheat and defraud the person from whom the money is obtained.

APPEAL from the circuit court of Forrest county.
HON. W. H. COOK, Judge.

G. F. Pittman was convicted of obtaining money under false pretense and appeals.

The facts are fully stated in the opinion of the court.

*Currie & Currie,* for appellant.

The intent of the appellant at the time of the making of the contract is the essence of this case. And before this verdict and judgment can be upheld, the testimony must be so strong on the point of intent to defraud as to dispel any reasonable doubt of such intent. 20 So. 629.

And such fraudulent intent cannot be inferred from mere proof of the representations. *State* v. *Myers,* 82 Mo. 558; *Trogdon* v. *Com.,* 31 Gratt. (Va.) 862.

Great latitude has been allowed in the reception of evidence bearing upon this point, or issue. *Trogdon* v. *Com.,* 31 Gratt. (Va.) 862; *McGee* v. *State,* 117 Ala. 229, 23 So. 797; *State* v. *Garris,* 98 N. C. 733.

The foregoing authorities we think sufficient to establish our point, and to outline and indicate the latitude

allowed the defendant to introduce evidence and throw light on his original intention.

*Jack Thompson,* assistant attorney-general, for appellee.

Taking this record as a whole, this defendant has not been deprived of any of his rights by the learned circuit judge, but has had a fair and impartial trial. The facts in the case were passed upon by a jury, and after mature deliberation they were convinced beyond every reasonable doubt of the guilt of the defendant. In the absence of any error of law appearing in this record, I respectfully submit that this case should be affirmed.

MAYES, C. J., delivered the opinion of the court.

This indictment is under Sec. 1166 of the Code of 1906. The above statute provides that "every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any false pretense, obtain the signature, of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, upon conviction thereof, shall be punished by imprisonment in the penitentiary not exceeding three years, or in the county jail not exceeding one year, and by fine not exceeding three times the value of the money, property, or thing obtained."

In order to constitute an offense under the above section, the false pretense relied upon for conviction must be accompanied by something more than a mere false statement of a fact whereby money or other valuable thing is obtained from another. Such false statement must also be accompanied by an intent to cheat or defraud the person from whom the money, etc., is obtained. If money is obtained by reason of any false pretense unaccompanied by an intent to cheat or defraud, no crime is committed. When an indictment is found under the

above section, it is necessary to charge that the procuring of the money was with intent to cheat or defraud, and it is necessary to prove this allegation in the indictment, either by positive testimony or by circumstances.

A protracted and repeated examination of this record convinces us that the evidence wholly fails to show any intent on the part of appellant to cheat or defraud the Dantzler Lumber Company. The money obtained was used in furtherance of the purposes for which it was obtained. Pittman contracted to sell and deliver to the Dantzler Lumber Company certain pieces of hewn timber described in the contract. He failed to comply with this contract, but the money was used in an effort to comply with it, and not a fact in this case shows that it was obtained with any intent to cheat or defraud, either for himself or for another person. It may be true that Pittman misstated the facts as to his ownership of certain timber, but the facts utterly fail to show that it was done with any intent to defraud.

*Reversed and remanded.*