## STATE v. T. M. FREEMAN.

### [60 South. 774.]

CRIMINAL LAW. *False pretenses. Sufficiency of indictment. Allegation of pretenses.*

An indictment for obtaining money under false pretenses must allege that the offense was committed feloniously; that the pretenses were false; that the defendant knew them to be false; that he got from another certain money or other valuable things; that the pretenses were the moving cause whereby the money or things were obtained.

APPEAL from the circuit court of Lawrence county.
HON. A. E. WEATHERSBY, Judge.

T. M. Freeman was indicted for obtaining money under false pretenses. A demurrer was sustained to the indictment and the state appeals.

The facts are fully stated in the opinion of the court.

*Toxey Hall,* district attorney, for the state.

The second, third, fourth and fifth grounds of demurrer raise one and the same question. We will consider them together and make only one answer thereto. These assignments are as follows: (2) The indictment fails to charge how the representation that T. M. Freeman was an agent of Caldwell & Smith, could induce or would likely induce H. J. Rogers to part with any money whatsoever. (3) Indictment fails to charge that there was any business transactions between H. J. Rogers and Caldwell & Smith by reason of which H. J. Rogers on representation that T. M. Freeman was an agent of Caldwell & Smith, and being such agent, by reason of such business relation, would likely be induced to part with ten dollars ($10) in money. (4) The indictment fails to charge that T. M. Freeman or any other

person was seeking to begin business relations with H. J. Rogers and Caldwell & Smith, and by this means by representing that he was the agent of Caldwell & Smith secured the money of Caldwell & Smith. (5) The indictment fails to charge that H. J. Rogers wished to borrow any money from Caldwell & Smith, or that the ten dollars ($10) was paid to T. M. Freeman for any such purpose or intent.

We do not think that any of these matters need to be stated in the indictment. The indictment clearly states that it was "by means of the said false and fraudulent representation and false pretense" that the money was obtained, and this will suffice. *Smith* v. *State,* 55 Miss. 513.

The only other contention made by counsel for the defendant, is that the indictment does not charge that H. J. Rogers believed the representations made by the defendant; we submit that under the holding of *Smith* v. *State,* 55 Miss. 513, it is not necessary to allege that the representation was believed or was relied upon, but that on the contrary it is sufficient to allege that it was "by means of the false and fraudulent representation and false pretense need not be the only means used in obtaining the money, but that if such representation and pretense contributed toward enabling the defendant to obtain the money, this will suffice and it need not be so alleged in the indictment. See same case above cited.

We therefore submit that the demurrer should not have been sustained.

REED, J., delivered the opinion of the court.

The appeal in this case is taken from the action of the trial court in sustaining a demurrer to the indictment charging appellee with obtaining money under false pretenses. Omitting the formal parts, the indictment charges: "Devising and intending to cheat, wrong, and defraud one H. J. Rogers of ten dollars good and lawful

money of the United States of America, did willfully, unlawfully, falsely, fraudulently, designedly, and knowingly pretend and represent to the said H. J. Rogers that he (the said T. M. Freeman) was then and there duly authorized to represent a long loan company by the name of Caldwell & Smith, a partnership firm composed of A. L. Caldwell and Bolton Smith, conducting the business of carrying on a building and loan association in Memphis, Tennessee, and, by means of the said false and fraudulent representations and false pretense, procured and obtained from the said H. J. Rogers ten dollars good and lawful money of the United States of America, with the intention then and there of defrauding the said H. J. Rogers and depriving him permanently of said money, whereas it was then and there false and untrue that the said T. M. Freeman was then and there duly authorized to represent the said Caldwell & Smith, who were then and there conducting the said business of carrying on a building and loan association, all of which the said T. M. Freeman then and there well knew.'' It will be noted that the indictment fails to charge that the offense was committed feloniously. *Bowler* v. *State,* 41 Miss. 570; *Newman* v. *State,* 69 Miss. 395, 10 South. 580.

In an indictment for false pretenses, it is necessary to charge that the pretenses were false; that the defendant knew them to be false; and he got from another certain money or other valuable things; and that the pretenses were the moving cause whereby the money or things were obtained.

In the present case, the appellee is charged with falsely pretending to be the representative of Caldwell & Smith, and that he knew such pretense was false. It is also charged that he procured from Rogers money by reason of such false pretense. The indictment fails to show why Rogers paid the money to the appellee, or why such false pretense should have moved him to make the payment to the appellee. What connection or business

transaction was there between Rogers and Caldwell & Smith, through which he should be called on to make a payment to their agent? Was he indebted to them? Was he desiring to negotiate a loan with them? The indictment fails to sufficiently allege the false pretense, so as to show upon its face why such pretense was the moving cause whereby the money was obtained from Rogers. In fact, it fails to charge with clearness that the pretenses were enough to induce Rogers to turn over the money to the appellee.

*Affirmed.*