## ODOM *v.* STATE.

.[94 South. 233, In Banc.  No. 22084.]

1. FALSE PRETENSES.  *Indictment held sufficient.*
   An indictment under section 1166, Code of 1906 (section 893, Heming-
   way's Code) for obtaining money and goods under false pretenses,
   which charges that, "by means and color of which said false ·pre-
   tense of the said J. A. Odom did then and there knowingly, designed-
   ly, and feloniously obtain of and from the said Fagan-Peel Company
   such money and goods," is sufficient, and not subject to demurrer.

2. FALSE PRETENSES.  *Intent to return money, or actual return, no defense.*
   It is no defense to a charge of obtaining money or other valuable thing
   under false pretense, as defined in section 1166, Code of 1906 (sec-
   tion 893, Hemingway's Code), that the defendant intended to repay
   the money and return the property, or that before indictment he
   had repaid the money and returned the property so obtained by him,
   for the crime is complete when it is shown that the money and
   property were obtained by the defendant by means of the false pre-
   tense, known by the defendant to be false; therefore an instruction
   for the state embodying that principle, and the refusal of one for
   the defendant embodying its converse was not error.

APPEAL from circuit court of Wayne county.
HON. J. D. FATHEREE, Judge.

J. A. Odom was convicted of obtaining money and goods
of value by means of false pretenses, and he appeals.  Af-
firmed. .

*Guynes & Mahaffey,* for appellant.

We respectfully submit to the court that the demurrer
in this case should have been sustained and refer in sup-
port of this to *State* v. *Tatum,* 96 Miss. 430, and *Pippin* v.
*State,* 88 So. 502, wherein this court held that: "An in-
dictment for defrauding a firm must allege the names
of the individual persons composing the partnership.  The
name of the party defrauded must be set out as a means of
identifying the offense charged."

As to the second assignment of error we submit to the court that the evidence in this case does not sustain the indictment.

We insist that a careful reading of the record will disclose that the defendant in this case was convicted, not on competent evidence and under proper instructions, but on irrelevant evidence and under improper instructions. That the record will support our contention that the defendant did not have a fair and impartial trial that is guaranteed to him by the laws of the land, and that the evidence in this case is not sufficient to support the indictment, and the case will be reversed and remanded and defendant discharged.

*H. T. Odom,* assistant attorney-general for the state.

It is contended by counsel that the court was in error in overruling the demurrer to the indictment in this case. The fault that he finds with the indictment is that the indictment fails to allege the names of the individual partners composing the partnership.

We respectfully submit that there is absolutely no merit in this contention, as will be seen by reference to the indictment, pages 3 and 4 of the record. It will be seen from the indictment that it is absolutely clear that the Fagan-Peel Company is a corporation, and not a partnership.

In support of counsel's contention, he cites *State* v. *Tatum,* 96 Miss. 430, and *Piping* v. *State,* 88 So. 502. We admit that under the holdings in both of the above cases and all other cases on this point in Mississippi, that the rule is well settled that there must not be a variance between the allegations in the indictment and the proof as to the ownership of the property fraudulently obtained, and that such a variance is fatal, but this rule of law has no application here for the reason that the allegation in the indictment as to the ownership of the property is sustained by the proof. The proof shows that the Fagan-Peel Com-

pany is a corporation, record page 8, and there is no proof in the record to the contrary.

A casual reading of the record will disclose the fact that the conviction in this case was supported by ample testimony. Therefore, we deem it unnecessary to burden the court by further argument on this point.

ANDERSON, J., delivered the opinion of the court.

Appellant, J. A. Odom, was indicted, convicted, and sentenced to the penitentiary on the charge of obtaining from Fagan-Peel Company, a corporation, money and goods of the value of five hundred and seventy-five dollars, by means of false pretenses, in violation of section 1166, Code of 1906 (section 893, Hemingway's Code), from which judgment he prosecutes this appeal. The statute under which appellant was indicted follows:

"Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, upon conviction thereof, shall be punished by imprisonment in the penitentiary not exceeding three years, or in the county jail not exceeding one year, and by fine not exceeding three times the value of the money, property, or thing obtained."

The evidence for the state is to the effect that appellant obtained from Fagan-Peel Company five hundred and seventy-five dollars in goods and money, to secure the payment of which he gave a deed of trust on a lot of oxen and log wagons which he represented that he owned, and that on the faith of such representation Fagan-Peel Company parted with the money and property, and took said deed of trust; and that appellant knew at the time he did not own said oxen and log wagons. The evidence on behalf of appellant tended to show that when he got the five hundred and seventy-five in money and property from Fagan-Peel

Company he intended to pay it back, and had paid a considerable portion of it when indicted. ، ، ،

The action of the court in overruling appellant's demurrer to the indictment is assigned as error. The question raised by the demurrer is whether the indictment sufficiently charges that Fagan-Peel Company were moved to part with the money and goods by the false representation. The clause of the indictment in question is in this language:

"By means and color of which said false pretense he, the said J. A. Odom, did then and there knowingly, designedly and feloniously obtain of and from the said Fagan-Peel Company, corporation," etc.

*State* v. *Dodenhoff*, 88 Miss. 277, 40 So. 641, is decisive of this question against appellant's contention. The language of the indictment in question in that case is substantially the same as the clause of the indictment in question here. The language of the indictment there involved follows:

"By means and color of which false and fraudulent pretenses the said Dodenhoff & Cotten did then and there fraudulently, falsely and feloniously obtain of the said J. J. Stevens, two thousand, four hundred dollars."

The court in that case went thoroughly into the question, reviewing and analyzing the authorities in this state as well as elsewhere, and held the indictment sufficient. Appellant relies on *State* v. *Freeman*, 103 Miss. 764, 60 So. 774. There was no reference to the Dodenhoff case in the opinion in that case. The distinguishing feature between the two cases is that in the Freeman case the indictment failed to sufficiently charge that the false representation of the defendant as to his agency for the loan company was the moving cause of the prosecuting witness letting defendant have the ten dollars. The Dodenhoff case is well reasoned, and we think sound, and was not intended by the Freeman case to be either modified or overruled. We therefore hold that the court committed no error in overruling the demurrer to the indictment.

Appellant assigns as error the action of the court in giv-
ing an instruction for the state to the effect that, even
though appellant did not intend to defraud Fagan-Peel
Company out of the five hundred and seventy-five dollars
and had paid it back, still the jury should find him guilty
if the evidence showed beyond a reasonable doubt that ap-
pellant made the false representation charged, knowing it
to be false, and got the money and property in question as
the result thereof. And appellant also assigns as error
the action of the court in refusing an instruction requested
by him embodying the converse of the principle contained
in said instruction granted the state. To sustain his con-
tention appellant relies on *Pittman* v. *State,* 101 Miss. 553,
58 So. 532. The point is this: In a case of this character
what does the language of the statute, "intent to cheat or
defraud," refer to? Does it have reference to the false
statement and the getting of the money or other valuable
thing as the result thereof? Or has it reference to the re-
payment of the debt incurred? Putting it differently: In
this character of case, does the state make out its case by
showing the knowingly false representation, and the part-
ing with money or other valuable thing in reliance thereon?
Or does the state have to go further and show that the de-
fendant did not intend to repay the debt incurred as the
result of the false representation, as appellant contends?
The Pittman case seems to sustain appellant's position.
However, if the ruling in that case is to be adhered to, the
purpose sought to be effected by our false pretense statute,
will be very largely nullified. There are many cases from
other states construing statutes like ours which hold that
in a case of this character the crime is complete when the
representation is shown to have been false, that defendant
knew it to be false, and that as the result thereof he ob-
tained the money or other valuable thing in question, and
that the intent to cheat or defraud referred to in the stat-
ute has no reference whatever to the question whether de-
fendant intended to repay the debt. 11 R. C. L., p. 837,
section 16; 26 C. J., section 31, pp. 602, 603; Id., section

38, p. 609; Id. section 47, p. 615. The authorities are collected in the notes to above references. In 25 C. J., section 47, p. 615, the principle is stated thus:

"On the principle that the injury is to the state, accused cannot plead that prosecutor has condoned the crime and settled with accused, unless the statute permits such a settlement. It is no defense that the prosecutor has recovered, or could recover, for any loss he has sustained, or that accused has offered to pay for the property obtained, or has paid for it, or that he has offered to return, or has returned, the property obtained, or that the prosecutor has regained possession thereof, or that its loss has been made good to him, or that accused is able and willing to repay the money obtained, or intended at some future time to repay it."

We think the Pittman case mischievous in its results and it is therefore overruled. There are no other assignments of error of any apparent merit.

*Affirmed.*