### STATE v. GRADY.*

(Division A. April 18, 1927.)

[111 So. 148. No. 26258.]

1. FALSE PRETENSES. *Indictment for obtaining money under false
pretense held sufficiently to charge reliance on defendant's state-
ment.*

Allegation in indictment for obtaining money under false pretense, that defendant by color and means of said false pretense did then and there unlawfully, knowingly, designedly and feloniously obtain a certain sum of money, *held* sufficiently to charge that defendant's statement was relied on and was moving cause of parting with money, and it was unnecessary that indictment alleged in what manner and for what purpose defendant received the money.

2. FALSE PRETENSES. *Mere expression of opinion ordinarily does not render person liable to prosecution for obtaining property by false pretense.*

Mere expression of an opinion, which is understood to be only an opinion, does not ordinarily render person expressing it liable to prosecution for obtaining property by false pretenses.

3. FALSE PRETENSES. *Statements as to value or quality by person knowing them to be false, with intent to deceive, may render him liable therefor.*

Where statements as to value or quality are made by a person knowing them to be untrue, with intent to deceive and mislead the one to whom they are made, and he is thus induced to forbear making inquiries, the statements may amount to an affirmation of fact, rendering him liable therefor.

4. FALSE PRETENSES. *Whether false representation of quality or value was expression of opinion or affirmation of fact is for jury.*

Question of whether representations as to value or quality by person knowing them to be untrue, with intent to deceive, constituted an expression of opinion or an affirmation of fact, is question for the jury.

5. FALSE PRETENSES. *Indictment for obtaining money from partnership under false pretense should charge Christian and surname of each partner.*

Indictment for obtaining money under false pretense from partnership should charge both the Christian and surname of each of partners composing firm.

6. FALSE PRETENSES. *Indictment for obtaining money under false pretense from partnership held not defective because alleging members of partnership by letter preceding surname (Hemingway's Code, section 1266).*

Indictment for obtaining money under false pretense from partnership *held* not defective because alleging members of partnership by letter preceding surname, since court cannot judicially know whether it is initial or a name, and, under Code, 1906, sec-

tion 1508 (Hemingway's Code, section 1266), if it appeared on trial that letters of individual partners were initials, allegations of names might be amended to correspond to facts.

*Corpus Juris-Cyc. References: False Pretenses, 25CJ, p. 595, n. 33; p. 597, n. 56, 57; p. 626, n. 26; p. 628, n. 42; p. 629, n. 46; p. 653, n. 69; Indictment and Information, 31CJ, p. 690, n. 52.

APPEAL from circuit court of Itawamba county. HON. C. P. LONG, Judge.

Mull Grady was indicted for obtaining money under false pretenses. From a judgment sustaining a demurrer to the indictment, the state appeals. Reversed and remanded.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

I. See *State* v. *Freeman,* 103 Miss. 764, for a discussion of the sufficiency of an indictment charging the crime of false pretenses. See also 11 R. C. L., page 857, paragraph 11. We submit that the indictment in this case charges that the defendant made certain false representations with reference to the cotton in question; that it also charges that he knew said representations were false at the time they were made by him. It also charges that he obtained by reason of false pretenses the sum of thirty-seven dollars from Gaither Brothers. It also charges that the false pretenses were the moving cause of his having obtained said money.

II. The demurrer complains that the indictment does not allege that Gaither Brothers relied upon the statement made by said defendant and that the false statement was a moving cause of parting with their money; but see *State* v. *Dodenhoff,* 88 Miss. 277.

III. The indictment charges that the false pretenses were made to ''Gaither Bros., a partnership composed

of E. B. Gaither, W. Gaither and E. Gaither." The demurrer to the indictment alleges that this is an insufficient description of the party, or parties, to whom the false pretenses were made. In an indictment it is always permissible to use the initials for the Christian name in describing either the defendant or the party injured by the defendant. 14 R. C. L., page 182, paragraph 28, note 3; 31 C. J., page 690, paragraph 229, note 52; section 1266, Hemingway's Code.

IV. The demurrer to the indictment alleges that one allegation is insufficient in that it does not state and accurately describe the kind of cotton defendant sold to Gaither Brothers. I think most, if not all, of the authorities hold that it is necessary to charge only what the false pretenses were and to charge that they were false and that defendant knew them to be false. 25 C. J. 626, paragraph 60.

V. The indictment charges that the defendant obtained the thirty-seven dollars from Gaither Brothers with the intention to cheat and defraud Gaither Brothers. This is a sufficient allegation with reference to the purpose for which the money was obtained. The cause should be reversed and remanded for trial upon the indictment as returned by the grand jury.

*J. M. Brown,* for appellee.

The indictment does not describe any offense with sufficient certainty as to inform the appellee with what he is charged. From this indictment the appellee does not know whether he is charged with obtaining the thirty-seven dollars alleged to have been received by means of false pretenses by the sale of said cotton, or by negotiating a loan on said bale of cotton. The court will take judicial notice that there are several grades of white cotton; namely, good ordinary, strict good ordinary, low

middling, strict low middling, middling, strict middling, and good middling. The ordinary farmer knows nothing about the grade of cotton. He may honestly believe that he has the very best of good white cotton, when in truth and in fact he has the lowest grade of white cotton. The indictment in this case shows that the statements made by the appellee were his opinion. See Clark's Criminal Law, page 280.

The indictment shows on its face that appellee was only giving his opinion in describing this bale of cotton. The rule of *caveat emptor* should apply in this case if appellee obtained this money, which he is alleged to have obtained, by the sale of this cotton. *Lee* v. *McClellan,* 120 Cal. 147; *Bolds* v. *Woods,* 36 N. W. 933; *Herald* v. *Yumisko,* 75 N. W. 806; *Wren* v. *Moncure,* 28 S. E. 588.

The indictment fails to show how he obtained the thirty-seven dollars which he is alleged to have gotten under false pretenses. *Denley* v. *State,* 12 So. 698. It was necessary to give the Christian names as well as the surnames of all partners in a partnership. *Tatum* v. *State,* 50 So. 491.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment sustaining a demurrer to an indictment for obtaining money under false pretense. The indictment alleges:

That the appellant "unlawfully, knowingly, designedly, and feloniously did falsely pretend to Gaither Bros., a partnership composed of E. B. Gaither, W. Gaither, and E. Gaither, and domiciled and doing a general mercantile business at Fulton, Itawamba county, Miss., that a certain bale of cotton which he, the said Mull Grady, afterwards sold to the said Gaither he borrowed the money, or the money that white cotton, when in truth and in fact the said bale of cotton was not good white cotton which he, the said Mull Grady, then and there well knew; by color and means of which said false pretense, he, the

said Mull Grady, did then and there unlawfully, knowingly, designedly, and feloniously, obtain from the said Gaither Bros., a partnership as aforesaid, the sum of thirty-seven dollars good and lawful money of the United States, the property of the said Gaither Bros., with intent to cheat and defraud the said Gaither Bros.''

The grounds of the demurrer here relied on are: (1) The indictment does not allege that Gaither Bros. relied upon the statement made by the said defendant, and that that was the moving cause of the parting with their money; (2) the indictment fails to state in what manner and for what purpose he received the thirty-seven dollars and fifty cents, which it is alleged that he obtained under false pretenses, it fails to allege whether he received the money before the sale or after the sale of said cotton, or whether he borrowed the money, or the money that he received was a payment for the cotton sold; (3) the indictment itself shows that the defendant was only giving his opinion as to the quality of the product sold, which is permissible under the law; and (4) the indictment does not give the Christian names of the partners composing the partnership of Gaither Bros.

The allegation that, ''by color and means of which said false pretense, he, the said Mull Grady, did then and there unlawfully, knowingly, designedly, and feloniously, obtain from the said Gaither Bros,'' etc., sufficiently charges that Gaither Bros. relied upon the statement made by the said defendant in, and that that was the moving cause of, their parting with the money; and it was unnecessary for the indictment to allege ''in what manner and for what purpose'' the appellant received the money. The indictment in this respect follows a common-law form approved by Mr. Bishop in his directions and Forms (2 Ed.), section 422, and, by this court, in *State* v. *Dodenhoff,* 88 Miss. 277, 40 So. 641, and *Odom* v. *State,* 130 Miss. 643, 94 So. 233. *State* v. *Freeman,* 103 Miss. 764, 60 So. 774, is relied upon by the appellant, but, as was pointed out in the Odom case, that case did not

overrule or depart from the Dodenhoff case, and the distinction between the two cases was there pointed out. The three cases can be reconciled on the theory that the circumstances, under which the false pretense was made in the Freeman case, required a more particular allegation that it was the moving cause for the parting with his money by the person defrauded. No such circumstances appear in the case at bar; it being on all fours with the other two cases.

It is true that: "The mere expression of an opinion which is understood to be only an opinion does not ordinarily render the person expressing it liable to a prosecution for obtaining property by false pretenses. *Smith* v. *State,* 55 Miss. 513: Frequently it is difficult to draw the line between an expression of opinion and a representation of fact, but, if one knows an opinion to be erroneous, the matter is as to him not an opinion but a subsisting fact, and, if he makes a statement contrary to what he knows to be the fact, it would seem that he should not be allowed to escape the consequences on the theory that his statement concerns a matter of opinion. So where statements as to value or quality are made by a person knowing them to be untrue, with an intent to deceive and mislead the one to whom they are made, and he is thus induced to forbear making inquiries which he otherwise would have made, the statements may amount to an affirmation of fact, rendering him liable therefor. In such a case, whether a representation is an expression of an opinion or an affirmation of a fact is a question for the jury. The rule that no·one is liable for an expression of an opinion is applicable only when the opinion stands by itself as a distinct thing. If it is given in bad faith, with knowledge of its untruthfulness, to defraud others, the person making it is liable, especially when it is as to a fact affecting quality or value and is peculiarly within the knowledge of the person making it." 11 R. C. L. 832, 49 L. R. A. (N. S.) 574.

It is true that the indictment should charge both the Christian and surname of each of the partners composing the firm of Gaither Bros. (*State* v. *Tatum,* 96 Miss. 430, 50 So. 490), but that question cannot be raised here by demurrer. The indictment alleges that the partnership was "composed of E. B. Gaither, W. Gaither, and E. Gaither," and, where a letter precedes the surname, the court cannot judicially know whether it is an initial or a name. Moreover, "if one is commonly designated by initials for his Christian and middle name, so that they indicate plainly who is meant, it is the doctrine to which the tribunals having been tending and most of them have reached, that such initials are adequate in the indictment." 1 Bishop, Crim. Proc. (4 Ed.), section 685; 31 C. J. 690. If, on the trial, it appears that the letters preceding the names of the individual partners are initials, and not their full Christian names, the fact would still be of no great importance, for the reason that should it become necessary so to do, the allegations of the names may be amended so as to correspond with the facts. Section 1508, Code of 1906 (Hemingway's Code section 1266).

*Reversed and remanded.*