210 So.2d 657 (1968)
F.H. NEECE
v.
STATE of Mississippi.
No. 44761.
Supreme Court of Mississippi.
May 13, 1968.
*658 Robert L. Lennon, Hattiesburg, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., and Laurence Y. Mellen, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice.
Appellant F.H. Neece was indicted and convicted in the Circuit Court of Forrest County of false pretense in violation of Section 2149, Mississippi Code 1942 Annotated (1956). He appeals from a sentence to serve two years in the State Penitentiary.
On November 24, 1966, appellant went to the place of business of Auto Wholesalers, Inc., in Biloxi, Mississippi, where he had a conversation with its general manager, Vern Coggle. Coggle had known appellant since May, 1966, and had purchased a number of cars and trucks from him. Appellant represented to Coggle that he had some school buses which he desired to sell to him. Appellant described the buses and Coggle agreed to buy five of them. As a part of the transaction, Coggle gave appellant a bill of exchange designated as a ten day draft in the amount of $5,360 with the understanding that the draft would be paid when the school buses and the certificates of ownership were delivered. Appellant never delivered the buses and did not produce any evidence of ownership.
On November 15, 1966, appellant went to the First National Bank of Hattiesburg and opened an account in that bank. Mrs. Jenkins, who was in charge of opening new accounts, had him fill out a signature card wherein he gave his address as 4209 Highway 80 West, Jackson, Mississippi, and his occupation as a pecan buyer. Mrs. Jenkins gave him an account number and filled out a deposit slip for him wherein he deposited $354.96. She carried him to the window where Mrs. Majoree Patterson was the teller. Mrs. Patterson had only been working as a teller for about a month. Mrs. Jenkins introduced appellant and he gave her the deposit slip opening the account. She received the deposit and credited his account with it. On the following day appellant appeared at Mrs. Patterson's window and presented her with a deposit slip already filled out and under that portion designating checks was listed a Pet Milk Company check for $834.21 drawn on the First National Bank of Hattiesburg. Listed below this check in the same column was the Auto Wholesalers, Inc. draft for $5,360. This draft was not listed as a draft but as a check. He handed the deposit slip covering the check and draft to her with the deposit slip on top. Mrs. Patterson was not familiar with a draft and she saw that appellant had endorsed it and the other check and she gave him a deposit slip showing this amount had been credited to his account. Thereafter appellant's account became very active. The same day he cashed a check for $300 and the next day one for $800. After a series of deposits and withdrawals, appellant had overdrawn $607.95 by November 28. It appears that all of the checks which appellant presented payable to cash were presented to Mrs. Patterson as well as all deposits. The draft upon which he had received credit on his account was sent through channels to the Bank of Gulfport. Auto Wholesalers, acting through Coggle, *659 refused to honor the draft for reason that the school buses had not been delivered and no certificates of title were attached. Coggle did not see appellant from the time he gave him the draft up until appellant was on trial. When appellant's account was overdrawn the bank tried unsuccessfully to reach him. On December 21 the draft was returned refused. Thereafter the indictment was returned by the Grand Jury and appellant was located and incarcerated.
The first assignment of error is that the trial court erred in failing to sustain appellant's demurrer to the indictment. The principal thrust of this argument is that the indictment failed to charge, as required by Section 2149, that the pretenses were false; that the defendant knew them to be false; that he obtained money from the bank; and that the pretenses were the moving cause by which the money was obtained. Appellant cites and relies upon the cases of State v. Cohran, 226 Miss. 212, 83 So.2d 827 (1955) and State v. Freeman, 103 Miss. 764, 60 So. 774 (1913). Without quoting the lengthy indictment in this case, it essentially charges that F.H. Neece, intending to defraud, did pretend that he was entitled to receive $5,360 evidenced by a customer's draft and did falsely pretend that said draft would be honored and by cover and means of such false pretense did obtain from the First National Bank of Hattiesburg, Mississippi, a corporation, $5,360. Whereas in truth and in fact, said draft would not be honored by drawer, Auto Wholesalers, Inc., a corporation, unless there was attached thereto title certificates and the delivery of certain equipment to the drawer and that this F.H. Neece well knew. The only point of appellant's argument that has caused us any concern is his contention that the indictment failed to charge that the pretenses were the moving cause whereby the money was obtained. In our review of the cases we find that this point was first discussed by this Court in State v. Dodenhoff, 88 Miss. 277, 40 So. 641 (1906). The indictment there was in language somewhat similar to the one before us and the indictment in Freeman, supra. It charged "by means and color of which false fraudulent pretenses they, the said Dodenhoff and Cotton, did then and there fraudulently, falsely, and feloniously obtain of said J.J. Stevens twenty-four hundred dollars." The Court noted that the question raised was that the indictment did not sufficiently charge in express terms that the defrauded party relied upon the false pretense or was induced by him to part with his property and that this question was one of first impression in this State. The Court after reviewing many authorities from other states concluded that the language used in the indictment was sufficient to charge that the defrauded party relied on the false pretense and was induced thereby to part with his money. The court in conclusion stated:
Preserving to a defendant the right to be duly informed of the nature and cause of the accusation made against him, there ought not to be, in addition to this, insistence upon forms which are purely technical and surplusage. There are too many reversals by far on technical grounds. They ought to be had, in those cases where the defendant is shown by the testimony to be manifestly guilty, only upon objection having real and substantial merit. 88 Miss. at 288, 40 So. at 643.
This statement is equally true and applicable in the present case.
In Odom v. State, 130 Miss. 643, 94 So. 233 (1922) the question raised by the demurrer to the indictment was whether it sufficiently charged that the party defrauded was moved to depart with the money and goods by false representation. The clause in the indictment in question was in the following language:
By means and color of which said false pretense he, the said J.A. Odom, did then and there knowingly, designedly, and feloniously obtain of and from said Fagan-Peel Company, corporation. 130 Miss. at 646, 94 So. at 234.
*660 The Court pointed out that the language was substantially the same as was used in the indictment in Dodenhoff, supra, and said:
The court in that case went thoroughly into the question, reviewing and analyzing the authorities in this state as well as elsewhere, and held the indictment sufficient. Appellant relies on State v. Freeman, 103 Miss. 764, 60 So. 774. There was no reference to the Dodenhoff case in the opinion in that case. The distinguishing feature between the two cases is that in the Freeman case the indictment failed to sufficiently charge that the false representation of the defendant as to his agency for the loan company was the moving cause of the prosecuting witness letting defendant have the $10. The Dodenhoff case is well reasoned, and we think sound, and was not intended by the Freeman case to be either modified or overruled. We therefore hold that the court committed no error in overruling the demurrer to the indictment. 130 Miss. at 646, 94 So. at 234.
Thereafter in State v. Grady, 147 Miss. 446, 111 So. 148 (1927) this Court again distinguished the holding in Freeman, supra, and said:
The allegation that, "by color and means of which said false pretense, he, the said Mull Grady, did then and there unlawfully, knowingly, designedly, and feloniously, obtain from the said Gaither Bros," etc., sufficiently charges that Gaither Bros. relied upon the statement made by the said defendant in, and that that was the moving cause of, this parting with the money; and it was unnecessary for the indictment to allege "in what manner and for what purpose" the appellant received the money. The indictment in this respect follows a common-law form approved by Mr. Bishop in his directions and Forms (2 Ed.), section 422, and, by this court, in State v. Dodenhoff, 88 Miss. 277, 40 So. 641, and Odom v. State, 130 Miss. 643, 94 So. 233. State v. Freeman, 103 Miss. 764, 60 So. 774, is relied upon by the appellant, but, as was pointed out in the Odom case, that case did not overrule or depart from the Dodenhoff case, and the distinction between the two cases was there pointed out. The three cases can be reconciled on the theory that the circumstances, under which the false pretense was made in the Freeman case, required a more particular allegation that it was the moving cause for the parting with his money by the person defrauded. No such circumstances appear in the case at bar; it being on all fours with the other two cases. 147 Miss. at 451-452, 111 So. at 149.
In Cohran, supra, this Court held that the indictment there did not allege sufficient extrinsic facts to show what the words and figures in the indictment represented. A casual examination of the indictment of Cohran reveals that the words and figures in the indictment are meaningless without extrinsic facts to show what they represented or what they were intended to be. The law announced in Freeman, supra, is sound but insofar as it tends to hold that the language used in the indictment before us did not sufficiently charge that the pretenses were the moving cause by which the money was obtained has been heretofore distinguished by the cases cited herein.
We have carefully considered the indictment and we find that it charges that the pretenses were false, that the appellant knew them to be false, that he obtained money thereby and that the pretense was the moving cause by which the money was obtained. The action of the trial court in overruling the demurrer was correct.
Appellant also assigns as error that the trial court erred in failing to sustain his motion to quash the indictment and enter a directed verdict in favor of the defendant.
*661 Appellant contends that the evidence on behalf of the State was not sufficient to support a verdict of guilty, arguing that the facts show that appellant made no pretense false or otherwise in order to get the bank to part with the $5,360. It is true that appellant made no spoken representation to the bank, but false pretense may be made by acts, symbols or even by concealment. In Fuller v. State, 221 Miss. 247, 72 So.2d 454 (1954) we held that a false pretense may be either express or by implication and it may consist of any act, word, symbol, doctrine, or in some instances concealment, calculated and intended to deceive. To the same effect is Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962).
We do not think that the fact that the employees of the bank failed to follow good banking procedure is controlling in this case. We think the evidence is sufficient to present a question to the jury of whether or not the defendant was guilty of false pretense. The jury found from the evidence beyond a reasonable doubt that the defendant was guilty of false pretense. Our view of the evidence and the reasonable inferences the jury could draw therefrom convinces us that the jury reached a proper verdict in this case. Appellant did not testify in his own behalf and did not present any defense but relied solely on the contention that the evidence on behalf of the State was not sufficient to establish the charge.
We find no merit in appellant's assignment of error relative to the instructions. When they are considered as a whole, they correctly instructed the jury as to the law and we find no reversible error in the refusing or granting of any of the instructions complained of.
For the reasons stated, this case is affirmed.
Affirmed.
ETHRIDGE, C.J., and JONES, PATTERSON, and ROBERTSON, JJ., concur.