## ODOM v. STATE.

[95 South. 253.  En Banc.  No. 22084.]

1. COURTS. *Accused entitled to be tried under decision overruling former decision under which indicted.*

    Where a defendant was indicted for a crime under a statute under the provisions of which, as construed by a decision of this court, the defendant was not guilty of the crime with which he was charged at the time of the commission of the acts charged against him as constituting such crime, and later by a decision of this court said former decision was overruled, the defendant was entitled to a trial according to the construction put on such statute by said overruled decision.

2. COURTS. *Accused held not denied trial by instructions of trial court under law of overruled case.*

    On a reconsideration of this case, *held,* that the instructions given and denied by the trial court, the giving and denial of which was assigned as error by appellant, did not deny appellant a trial under the law as declared in the overruled case.

On suggestion of error.  Suggestion overruled.
For original opinion, see 94 So. 233, 130 Miss. 643.

ANDERSON, J., delivered the opinion of the court.

The opinion handed down in this case will be found reported in 94 So. 233.

The appellant contends that the law declared in the *Pittman case,* 101 Miss. 553, 58 So. 532, which was overruled in the former opinion in the present case, is nevertheless the law of this case, because at the time of the commission of the alleged crime by him the law as declared in that case was the law of the land.  This contention is based on the holding of this court in the case of *State* v. *Longino,* 109 Miss. 125, 67 So. 902, Ann. Cas. 1916E, 371, in which this court held that to convict a defendant of an offense committed after a decision of this court holding

a criminal statute not applicable to the facts, and before its reversal in a subsequent decision, would be to violate the constitutional provision as to infliction of cruel and unusual punishment; therefore appellant says this case, instead of being affirmed, should have been reversed and remanded for a new trial under the law as declared in the Pittman case. On the other hand, the attorney-general contends that appellant was tried in the court below under the Pittman case, and that therefore the suggestion of error should be overruled. In the Pittman case it was held that the intent to defraud condemned by the statute consisted of the purpose on the part of the defendant not to repay the debt incurred or return the other thing of value obtained. In the opinion handed down in the present case it was held that the intent to defraud condemned by the statute consisted of the defendant obtaining the money or other thing of value as the result of the false representation, and that therefore the intent to cheat and defraud referred to in the statute had no reference whatever to the question whether the defendant intended to repay the debt or return the other thing of value received by him.

After a very careful examination of the record in this case we find that the attorney-general is right in his contention that on the former trial of this case the principles of law declared in the Pittman case were applied. It is manifest that none of the instructions given for the state and the defendant, except two (the two referred to in the opinion handed down in this case), is in conflict with either the Pittman case or the former opinion in this case. In fact, they are in such general language as to the intent to defraud necessary to be shown as that they apply as well under one as the other. On the former consideration of this case the court came to the conclusion that instruction No. 1, given for the state and instruction No. 3 refused for appellant were erroneously given and refused. In the opinion the court held that instruction No. 1 given for the state should not have been given because it was in accord-

ance with the Pittman case, which was unsound, and it held that instruction No. 3 refused for the defendant was properly refused because it embodied the principles declared in the Pittman case. The mistake that the court made was in misunderstanding the purport and effect of these two instructions.

Instruction No. 1 given for the state is in this language:

"The court instructs the jury for the state that, if you believe from the evidence in the case beyond a reasonable doubt that the defendant is guilty as charged, he is guilty, and you should so find, and this is true even though you may further believe that the defendant afterwards paid all (if any) he owed for said goods."

Instruction No. 3 for the defendant refused by the court is in this language:

"The court instructs the jury for the defendant Odom that it is incumbent upon the state to prove to the satisfaction of the jury, beyond every reasonable doubt, that the Fagan Peel Company, a corporation, was actually defrauded by said defendant out of the sum stated in said indictment, and, if the state has failed in this, the verdict of the jury will be not guilty, regardless of every other circumstance in the case."

In the opinion handed down these instructions are referred to in this language:

"Appellant assigns as error the action of the court in giving an instruction for the state to the effect that, even though appellant did not intend to defraud Fagan-Peel Company out of the five hundred seventy-five dollars and had paid it back, still the jury should find him guilty if the evidence showed beyond a reasonable doubt that appellant made the false representation charged, knowing it to be false, and got the money and property in question as the result thereof. And appellant also assigns as error the action of the court in refusing an instruction requested by him embodying the converse of the principle contained in said instruction granted the state."

A careful consideration of the meaning of these instructions will demonstrate that this court erred in the former opinion as to their purpose and effect. Instruction No. 1 given for the state, although crude, told the jury that, if the evidence showed beyond a reasonable doubt the guilt of the defendant as charged, they should so find, even though the defendant had repaid the debt he incurred. The converse of that principle was embodied in instruction No. 3 refused for the defendant. It was not held in the Pittman Case, that, if the defendant repaid the debt he incurred, he was not guilty of the crime charged. That case simply held that the crime consisted of the intent on the part of the defendant not to repay the debt. Under that case, if such fraudulent intent existed when the money was obtained, the defendant would be guilty notwithstanding that he repaid it. Furthermore, the evidence offered on behalf of the appellant to the effect that he repaid the debt incurred, at least in part, was admitted. This evidence was probably admitted on the theory that it was relevant to the question as to whether the defendant intended to repay the money at the time he got it. We find, therefore, that appellant was denied no right given him by the law as declared in the Pittman case, and therefore this court was in error in the opinion handed down in this case in holding to the contrary. Had the court taken this view on the former hearing of this case the Pittman case of course would not have been overruled. But the holding in that case is so utterly unsound and mischievous that we let what we have said about it stand. In other words, it stands overruled.

*Suggestion of error overruled.*